HENDRY, Judge.
Appellant-plaintiff American Calmal Corporation, the mortgagor, seeks review of several orders and a final judgment entered by the circuit court. The judgment and orders appealed (1) granted appellee-defendants’ motion for summary judgment as to Count I of the complaint which claimed commission of a fraud on that circuit court, (2) denied in part certain discovery, (3) denied leave to add Count III, a claim for unjust enrichment, and (4) granted final judgment to defendant-appellees, Mr. and Mrs. Alderman, the mortgagees, after a non-jury trial on Count II, which count had sought specific performance of an alleged unilateral contract to convey land. We affirm.
*456 In 1966 the corporation executed and delivered a $4,000.00 note and mortgage, on certain Hialeah, Florida realty which it owned, to appellee, Morris H. Alderman, who was then an officer of the corporation. The realty is valuable, presently worth $50,000.00 to $65,000.00. In October, 1966, appellees sued to foreclose. They filed an amended mortgage foreclosure complaint on December 2, 1966.
On or about December 5, 1966, bankruptcy proceedings were brought against the corporation in the U. S. District Court for the Southern District of Florida, Case No. 66-656-BK-EC. The corporation contends that service of process was effected upon the corporation by serving Mr. Alderman purportedly as an officer; it points to the deposition and affidavit of its president which stated that the president examined that bankruptcy file and Mr. Alderman was served with the involuntary petition for bankruptcy on December 24, 1966. The depositions of the appellees are to the effect that they do not remember any service of process for such suit on the date specified. In their brief, the appellees have contended that service on Mr. Aider-man is not properly shown in the record. The Aldermans further state that he ceased being an officer sometime between August and November, 1966, and they only remained joint owners of less than 1% of the shares during the relevant period of time.
In January, 1967, the corporation sought a Chapter XI Reorganization in the U. S. District Court for the Eastern District of New York, Case No. 67-B-17. That court entered a restraining order against creditors taking further action. The parties dispute whether the Aldermans had notice of any such order before final judgment in the foreclosure was entered.
In February, 1967, the state circuit court entered a final decree of foreclosure, and early in March, 1967, that court issued a certificate of title.
Copies of certain orders contained in the record indicate that an adjudication of bankruptcy made by the U. S. District Court for the Southern District of Florida was vacated by the court in the Eastern District of New York. Also, the bankruptcy matter begun in Florida was consolidated into the New York reorganization proceeding, with the reorganization proceeding being treated, according to stipulation, as having been filed on the filing date of the involuntary petition, December 5, 1966.
Between March, 1968 and June, 1969, the corporation and the Aldermans negotiated for the reconveyance of the property to the corporation on the condition that it satisfy certain liabilities of the Aldermans.
The corporation brought suit against the Aldermans in November, 1969. Count I alleged that the appellees committed a fraud on the state circuit court. Allegedly, the appellees continued their foreclosure action and obtained title when they knew of the local bankruptcy proceeding and when they had notice of the U. S. District Court for the Eastern District of New York restraining order against creditors which was then in force. See generally: 7 Moore, Federal Practice ¶ 60.24 et seq., pp. 277 et seq. (2nd ed., 1971). Count II sought specific performance of an alleged oral contract to convey back the realty based upon certain letters between the parties and growing out of certain telephone conversations.
We have paraphrased the three contentions of the appellant corporation. First, that the trial court erred in denying1 its motion to file a second amended complaint to add a third count alleging unjust enrichment, which was based on the allegedly newly discovered evidence or to conform to evidence adduced on discovery. Rule 1.-190(d), R.C.P., 30 F.S.A. This evidence was a final judgment by the circuit court awarding almost $33,000.00 to appellees for about one-half of the property taken under eminent domain. Second, the trial court erred in entering summary judgment for *457 appellees and denying the corporation’s own motion for summary judgment. Third, that the trial court erred in awarding final judgment as to Count II and not awarding the corporation specific performance of the appellees’ unilateral oral contract to convey the realty.
To begin with, we hold that the trial court did not err in entering its order dated September 27, 1971, denying the corporation’s motion to file a second amendment to the complaint. It appears that the condemnation suit had been pending for some time before the amendment was requested. Furthermore, the order appealed stated that the trial court would allow appropriate amendments to pleadings to conform to the evidence.
The trial court correctly ruled on the motions for summary judgment by its September 7, 1971 order. As that court determined, and we agree, that because the state mortgage foreclosure action was instituted before the bankruptcy proceedings, the foreclosure proceedings could proceed. Straton v. New (1931), 283 U.S. 318, 322-327, 51 S.Ct. 465, 75 L.Ed. 1060; see generally 1 B Moore, Federal Practice ¶[ 0.-419[3—1], pp. 2965-2966 (2 ed., 1965) and Princess Lida of Thurn and Taxis v. Thompson (1939), 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285, 291; Kalb v. Feuerstein (1940), 308 U.S. 433, 439, 60 S.Ct. 343, 346, 84 L.Ed. 370, 375, concerning the state court’s complete lack of subject matter jurisdiction under the second Frazier Lemke Act, 49 Stat. 942 (1935), therefore is distinguishable. In short, the final judgment in the state court was not void.
Allegations concerning the supposed fraud upon the court were expanded upon in the affidavit and deposition of Mr. Martin Wein, president of the corporation. The corporation alleged that the appellees illegally proceeded to final judgment in their foreclosure action when they knew they were violating a federal restraining order then in force. The situation presented is insufficient as a matter of law to warrant the relief sought.
Assuming the truth of the allegations and also assuming the ability of the corporation to support those allegations with competent proof, then at most a fraud was perpetrated upon the corporation and not upon the court.
In State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324, 326, the court stated that: “The [sureties’] motion to vacate and set aside the judgment against the sureties and to cancel the execution issued thereon made March 11, 1938, failed to sustain the charge of fraud or collusion within the previous rulings of this court, and therefore the order entered sustaining the motion dated April 16, 1938, was clearly erroneous. . . . ” (Bracketed material added.) Furthermore, although the appellant could have raised the issue of the violation of the pending restraining order in the Florida circuit court, which considered the foreclosure action, the record herein contains no allegation or evidentiary basis for concluding that the corporation brought this to the attention of the court. Those issues that would have been litigated in the initial proceedings themselves are not sufficient grounds to attack a final judgment in foreclosure which otherwise appears to be valid on its face. Admittedly the record herein contains an uncertified copy of a rule to show cause why they should not be held in contempt by the U. S. District Court for the Eastern District of New York directed to appellees, on application of the corporation. Silitronic Chemical Corporation v. R. K. M. Enterprises, Fla.App.1967, 197 So.2d 33. However, the corporation did not allege or show that the federal district court acquired in personam jurisdiction over the appellees as respects the rule to show cause.
We also affirm the final judgment dated October 6, 1971, entered after a non-jury trial. That judgment states while *458 the parties were negotiating for a recon-veyance of the realty, that Morris H. Alderman, II, did not accept the conditional acceptance to his offer. The trial court in its final judgment also determined that the corporation, as plaintiff, failed to meet its burden of demonstrating substantial performance of the terms of the original March 29, 1968 offer. Lastly, the trial court found that the plaintiff did not act on the Alderman proposal “within a reasonable length of time,” the court deeming a period of more than three and one-half years (the conditions in the proposal not having been performed at the time of trial), to be an unreasonable delay.
We have considered the record, briefs and the detailed arguments of counsel in the light of the controlling principles of law. We have concluded that reversible error has not been demonstrated. Therefore, for the reasons stated and based upon the authorities cited, the orders and judgment appealed are in all respects affirmed.
Affirmed.