FRANK C. B. LUCY, *Appellant*, v. A. W. DEAS, AS ADMINISTRATOR *et al., Appellees*.

1. A void judgment is a nullity and may be attacked collaterally, but a judgment is not void if the court as organized legally existed and had jurisdiction of the subject-matter and of the parties.

2. Where by fraud practiced in litigation the court apparently had jurisdiction of the cause and of the parties, but in reality the court had no jurisdiction of the subject-matter or had no jurisdiction of the adverse party because he was not duly served with notice or otherwise, or did not have a hearing or an opportunity to be heard on account of fraud practiced on him, the trial is not one of adversary rights in a proper subject-matter and the judgment is null and void in toto.

3. Where the court is legally organized and has jurisdiction of the subject-matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render the judgment void.

4. Property in this State is subject to the laws thereof, and judgments rendered by the courts in proceedings *in rem* upon such property are not null and void because the owner was

out of the State and had no personal notice of the suit where the property is within the jurisdiction of the court and the constructive notice required by law was given.

5. The giving of incompetent or false testimony at the hearing, and the injustice of the claim asserted against the property do not render the judgment null and void.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*M. G. Gibbons* and *Herbert S. Phillips,* for Appellant;

*Wall & McKay,* for Appellees.

WHITFIELD, C. J.—The bill of complain alleges that Frank C. B. Lucy, the complainant, is a citizen of Hillsborough county, Florida; that since January 10, 1900, he has been the owner of certain described land in said county; that in January, 1904, the complainant being desirous of leaving the State for a time, placed the lands in the hands of· two different real estate agents for the purpose of selling the same; that he gave to his friend W. M. Chapman a power of attorney to make deeds of conveyance of the land should a sale be made by either of the real estate agents during the temporary absence of the complainant from the State, the net proceeds of the sale to be deposited; that he left with said Chapman his address and from time to time exchanged letters with him till the death of Chapman; that he had no knowledge of the death of Chapman till his arrival in Tampa

in October, 1908; that A. W. Deas is the administrator of the estate of said W. M. Chapman; that said Deas and Weir one of the real estate agents combining and confederating together for the purpose of defrauding the complainant caused attachment proceedings against complainant to be instituted by said Lucy as administrator and levied upon said land of complainant for an alleged indebtedness of the complainant to the said W. M. Chapman; that the affidavit in attachment was made by an attorney who had no knowledge of indebtedness of complainant to Chapman, deceased, unless it was received from said Weir, and if so received it was false; that service was obtained on complainant by publication and that he had no personal knowledge of said suit until after his arrival in Tampa in October, 1908; that judgment was rendered against complainant upon the testimony of said Weir, and that the same was false and untrue in that the said Weir could not and did not have any knowledge of any indebtedness of complainant to Chapman, deceased, and that such testimony was given only to defraud complainant; that at the institution of the attachment proceedings complainant was not indebted to said Chapman, deceased, in any sum whatsoever; that prior to January, 1904, complainant had been indebted to said Chapman, now deceased, but that prior to said date he had paid said indebtedness and had a receipt in full for same which the complainant is ready to produce; that to defraud complainant an execution was issued on the judgment and the land sold and conveyed to said Weir; that said conveyance was made to defraud complainant. The prayer is for relief against the judgment and the deed of conveyance and for general relief. A demurrer to the bill of complaint was sustained and the bill dismissed. Complainant appealed and contends that the dismissal of the bill was error.

The relief sought is not from the acts of a fiduciary but from a judgment obtained by a creditor in an attachment proceeding. The deed of conveyance depends upon the validity of the judgment upon which it is based. There is no allegation that the complainant is in possession of the land and it does not appear that if the complainant is entitled to relief, it cannot be adequately afforded by an appropriate action at law.

A void judgment is a nullity and may be attacked collaterally, but a judgment is not void if the court as organized legally existed and had jurisdiction of the subject-matter and of the parties. Where by fraud practiced in litigation the court apparently had jurisdiction of the cause and of the parties, but in reality the court had no jurisdiction of the subject matter or had no jurisdiction of the adverse party because he was not duly served with notice or otherwise, or did not have a hearing or an opportunity to be heard on account of fraud practiced on him, the trial is not one of adversary rights in a proper subject-matter and the judgment is null and void in toto. But where the court is legally organized and has jurisdiction of the subject matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render the judgment void.

The statutes of this State provide for constructive service by publication in proceedings begun by attachment. Such actions are in the nature of proceedings in rem and constructive service lawfully made is sufficient to bind the property proceeded against. The bill of complaint does not allege that the service required by the statute was not made, but it is alleged that service by

publication was made. The alleged fact that complainant had no personal knowledge of the attachment proceedings does not render the judgment void, since the constructive notice required by law was given. Property in this State is subject to the laws thereof, and judgment rendered by the courts in proceedings in rem upon such property are not null and void because the owner was out of the State and had no personal notice of the suit where the property is within the jurisdiction of the court and the constructive notice required by law was given. See Pennoyer v. Neff, 95 U. S., 714; United States v. Throckmorton, 98 U. S. 61. The giving of incompetent or false testimony at the hearing, and the injustice of the claim asserted against the property do not render the judgment null and void. 23 Cyc. 1000, 1100; Bleakley v. Barclay, 75 Kan., 462, 89 Pac. Rep. 906, 10 L. R. A. (N. S.) 230, and notes.

It is not alleged that the complainant was fraudulently kept from appearing, or that the service was not sufficient for the proceeding complained of.

Whatever may be the hardships in this case, the judgment complained of is not wholly null and void and cannot be relieved against collaterally in this proceeding.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.