HILLSBOROUGH GROCERY COMPANY, A CORPORATION, *Plaintiff in Error*, v. F. A. INGALLS, *Defendant in Error.*

1.  The appointment of receivers is a power exercised by equity courts.

2.  The property of a foreign corporation within this State is subject to the jurisdiction of the courts of the State.

3.  A charge of mismanagement or fraud is not essential to the judicial power of a court of chancery to appoint a receiver for a corporation.

4.  Where the circuit court has jurisdiction of the property of a corporation and due notice is given the corporation of an application for the appointment by the circuit court of a receiver for the property and an opportunity is given for an adversary hearing, an order by the court, sitting as a court of equity, appointing a receiver for the property is not void for want of power in the court to make the order.

5.  An allegation that the purchase of goods by a receiver was not authorized by the court is a mere conclusion unless it is sustained by other allegations.

6.  Where a receiver of a corporation is authorized by the order of the court appointing him to operate the property of the corporation in the usual course of business, and as such receiver purchases goods necessary to enable him to do as ordered, and the sale is to him in his capacity as receiver and not personally, and there is no express or implied assumption of personal liability and no fraud or deceit, such receiver is in general not liable individually for the purchases.

This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay* for plaintiff in error;

*E. R. Gunby* for defendant in error.

WHITFIELD, C. J.—The Hillsborough Grocery Company brought an action of assumpsit against F. A. Ingalls personally, the amended declaration in the first count alleging in effect that in 1905, the Green Bay Phosphate Company, a corporation existing under the laws of the State of Maine, was engaged in the mining of phosphate in the State of Florida, and owned and possessed certain real estate situated in Polk County, Florida, upon which its mining plant was located, with other personal property used in the operation of the plant, together with a stock of general merchandise in its commissary department; that the defendant F. A. Ingalls instituted proceedings on the equity side of the circuit court for Polk county and secured the appointment by such court of himself as receiver to take charge of and into his possession all of the property and assets of whatsoever nature, kind and description belonging to the said Green Bay Phosphate Company, a corporation, and to operate the plant in the usual course of business until the further order of the court; that the defendant under the pretended authority conferred upon him by the said court to operate the plant of the said Green Bay Phosphate Company in the usual course of business, "did purchase from the plaintiff * * * certain goods, wares and merchandise of the value of $602.90;" that the court was without jurisdiction to appoint the defendant receiver of said Green Bay Phosphate Company and to authorize him to operate the plant of said company, and that in the operation of said plant

and purchase of goods, wares and merchandise for use in the operation of said plant, the defendant, by reason of said lack of jurisdiction in the court to appoint him receiver as aforesaid, was acting in his individual capac- ity, although pretending to act as receiver, and thereby became individually liable for the purchase price of the goods, wares and merchandise sold and delivered by the plaintiff to the defendant as aforesaid," and has not paid for the same though the time of payment has long since passed. A second count alleges that the purchase of the goods sold to the defendant was not authorized by the order of the court, and the defendant is individually liable therefor.

The amended declaration was demurred to on the ground "that it appears on the face of said declaration that the defendant was appointed Receiver of the Green Bay Phosphate Company by order of this court, and that the plaintiff dealt with him as such Receiver, and not in his individual capacity, and it does not appear from the face of said declaration that the plaintiff was not aware that he was acting as Receiver under order of court, nor does it appear that it was not informed that he was acting as such Receiver and did not deal with him as such Receiver."

This demurrer was sustained, and the plaintiff not desir- ing to amend, final judgment was rendered for the defend- ant. On writ of error the plaintiff contends that the court erred in sustaining the demurrer and in giving judgment for the defendant.

This proceeding is in effect a collateral attack on the decree of the circuit court as a court of equity in appoint- ing a receiver to take charge of and operate phosphate mining property situated within the jurisdiction of the court but belonging to a foreign corporation. Unless the decree is absolutely void it cannot be thus collaterally

assailed in a judicial action. A decree is not void if the court legally existed and had jurisdiction of the subject matter and of the parties, and a reasonable and legal opportunity has been given to the parties for an adversary hearing. Lucy v. Deas, 59 Fla. 552, 52 South. Rep. 515.

In this State the circuit court has jurisdiction of all cases in equity in the county where the property was situated. The appointment of receivers is a power exercised by equity courts. 34 Cyc. 101. It appears from the decree made a part of the declaration that due notice of the application for a receiver was given to the corporation. The property of a foreign corporation within this State is subject to the jurisdiction of the courts of the State. A charge of mismanagement or fraud is not essential to the judicial power of a court of chancery to appoint a receiver for a corporation. This being so the decree is not void and its correctness is not in question here. The allegation of the second count of the declaration "that the purchase by the defendant of said goods, wares and merchandise so sold and delivered by the plaintiff to the defendant, was not authorized by said order of the court," is a mere conclusion with no allegations of fact to sustain it. The character of the articles purchased nowhere appears in the transcript.

Where a receiver of a corporation is authorized by the order of the court appointing him to operate the property of the corporation in the usual course of business, and as such receiver purchases goods necessary to enable him to do as ordered, and the sale is to him in his capacity as receiver and not personally, and there is no express or implied assumption of personal liability and no fraud or deceit, such receiver is not in general liable individually for the purchases. Olpherts v. Smith, 54 App. Div. (N. Y.) 514; affirmed in 173 N. Y., 593; Nason Manufacturing

Co. v. Garden, 52 App. Div. (N. Y.) 363; Sager Manufacturing Co. v. Smith, 45 App. Div. (N. Y.) 358; affirmed in 167 N. Y. 600; Alderson on Receivers, 331; 34 Cyc. 408; 2 Page on Contracts, section 998.

It is alleged "that the defendant under the pretended authority conferred upon him by the alleged order of court aforesaid, to operate the plant of said Green Bay Phosphate Company in the usual course of business, did purchase from the plaintiff * * * certain goods, wares and merchandise;" that by reason of the lack of jurisdiction in the court to appoint him receiver, he was acting in his individual capacity, although pretending to act as receiver, and thereby became individually liable for the purchases.

Ambiguous intendments if any in the plaintiff's allegations as to the capacity in which the receiver acted in making the purchases must be taken against the pleader. The entries made when the goods were purchased are not brought here, and the allegations indicate a sale to the receiver as such, while there is nothing to show the plaintiff was dealing with the defendant on his own personal account, or that the defendant assumed a personal liability for the goods or that he deceived or took advantage of the plaintiff in any way. The allegations that the receiver is personally liable because the court had no jurisdiction and because the order of the court did not authorize the purchases and that he was acting in his individual capacity although pretending to act as receiver, are on this record not sufficient to show personal liability of the receiver for the purchases. See The John H. McGowan Company v. Ingalls, filed herewith.

The demurrer was properly sustained and the judgment for the defendant is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.