Dewey A. Dye, as Administrator *ad litem* of the Estate of L. N. Dolbeck, deceased, v. Estelle Dolbeck.

154 So. 847.
Division A.
Opinion Filed May 15, 1934.

*Dewey A. Dye,* for Appellant;

*Peyton T. Jordan,* for Appellee.

Per Curiam.—This was a proceeding by a petition or motion in chancery to vacate a divorce decree after the death of the original complainant, on the ground that a fraud had been perpetrated on the court by complainant with respect to the jurisdictional allegation and proof required to show that complainant had resided in this State the period of time specified by Section 4981 C. G. L., 3189 R. G. S., prior to the institution of his suit for divorce from his wife on the ground of desertion.

The attack on the divorce decree was made by the wife about three months after the divorce decree in the husband's favor had been entered. In the meantime the death of the husband had occurred. The record shows that Dolbeck filed his suit for divorce on August 12, 1932. Subpoena was personally served on the defendant wife in Hillsborough County on August 15, 1932. On September 7, 1932, a divorce decree was entered, the wife having allowed a decree *pro confesso* to be taken against her in the meantime. Ten days after obtaining his divorce, Dolbeck, the

husband, died in Ticonderoga, N. Y. On December 23, 1932, not quite three months later, Mrs. Dolbeck filed her petition to vacate the decree on the ground of her husband's fraud on the court in making it appear that he was entitled to such a divorce in Florida under our statutes, whereas in truth and in fact he had not been a resident of Florida for a sufficient length of time to give him the right to obtain a divorce on the ground of desertion.

The administrator of Dolbeck, the deceased husband, took issue on the wife's petition and denied the fraud on the court. A full hearing was had on the issues and the Chancellor held thereon that the fact of fraud had been sustained and accordingly vacated the decree of divorce. The appeal now before us is from the order vacating the decree of divorce, setting it aside and declaring it null and void.

We are unconvinced that there is no error in the order which is based largely, if not wholly, on conflicting evidence as to the truth of the allegations of the wife's petition. While a court should only vacate its solemn decrees upon clear and convincing proof of matters *in pais* that are offered as a ground for setting them aside on the ground of fraud in their procurement, this Court cannot say that the evidence in the present case does not measure up to the essential requirements of the law in this particular; so the order appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.