HORTON, Chief Judge.
Plaintiff has appealed from an order dismissing a bill of complaint in the nature of a bill of review to set aside a decree of divorce entered in the Circuit Court of Dade County, Florida, on January 9, 1946. The order dismissed the cause with prejudice and without leave to amend.
The essential facts as alleged in the complaint are that Bernarr Macfadden, now de *449 ceased, brought an action for divorce in the Circuit Court of Dade County, Florida, against the appellant who was then his wife, in which he alleged, among other things, that he was and had been a bona fide resident of Florida for 90 days prior to the institution of the suit, while in fact, at all times prior and subsequent to the filing of the bill for divorce, the said Bernarr Mac-fadden had been a resident of New York City. Attached to the complaint were three exhibits. The first was an opinion of the United States Tax Court, rendered April 5, 1948, which recited that the deceased, Ber-narr Macfadden, during 1942 and 1943, was a resident of New York City and had filed income tax returns to the Collector of Internal Revenue of the Third New York District. The second exhibit was a piece of campaign literature allegedly disclosing that the deceased, Bernarr Macfadden, in 1953, while a candidate for mayor of the city of New York, claimed that he had been a resident of New York City for nearly 60 years. The third exhibit was also a campaign article allegedly composed and written by Bernarr Macfadden, in which he claimed: “I came to New York City in 1893. I lived here through a large part of that period. I was absent at times due to my interests in businesses in England, Florida and California.” In addition to the three exhibits, the complaint further alleged that Bernarr Macfadden’s testimony in the prior divorce action disclosed affirmatively that he was, at the time of the hearing in said divorce action, still living in an apartment in New York City. The complaint, which contained other allegations not necessary to be delineated, concluded that the decedent, Bernarr Macfadden, had falsely and fraudulently claimed to be a legal resident of the State of Florida when in fact, he was a mere sojourner or visitor in this state, and that by such false and fraudulent representation, had induced a court of the State of Florida to grant him a divorce. The bill of complaint prayed that the decree of divorce be declared null and void.
The order does not indicate the ground upon which the chancellor based the dismissal, but since the record in this cause discloses only the motion to dismiss of the appellee, Jonnie Lee Macfadden Ferguson, upon the ground that the complaint failed to state a cause of action, we must assume that such ground was the basis of the chancellor’s order.
The appellant seeks reversal of the chancellor’s order, relying mainly upon the authority of Dye v. Dolbeck, 114 Fla. 866, 154 So. 847. We feel that the Dye case is distinguished from the case at bar since in the former, it would appear that a petition or motion in the original divorce proceedings was filed within three months after the entry of the divorce decree. This, in effect, was a direct rather than collateral attack upon the decree and one which we think the chancellor there was perfectly justified in entertaining. In the case at bar, the appellant seeks to collaterally attack the decree some thirteen years after its rendition upon grounds which constitute intrinsic rather than extrinsic fraud. The rule is and has been that those issues that could or have been litigated in the proceedings themselves are not sufficient grounds to collaterally attack a decree which otherwise appears to be valid on its face. See Matsis v. Matsis, 155 Fla. 786, 21 So.2d 545; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514; Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872. As opposed to intrinsic fraud, the bill of complaint does not, in our opinion, allege facts which would constitute extrinsic fraud such as the deceased husband’s fraudulently keeping the appellant from defending the action, keeping her in ignorance of the proceedings, or other misconduct that would deprive the wife of an opportunity to have defended the action. See 19 Fla. Jur., Judgments and Decrees, § 431.
We have carefully reviewed the allegations of the complaint, considered the briefs as well as oral argument and conclude, as *450 did the able chancellor, that the complaint failed to state a cause of action.
Accordingly, the order appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.