184 So.2d 664 (1966)
Roy Dwight CORRIGAN, Appellant,
v.
Barbara Ellen CORRIGAN, Appellee.
No. 20.
District Court of Appeal of Florida. Fourth District.
March 15, 1966.
Rehearing Denied April 22, 1966.
*665 Robert George Murrell and Sam E. Murrell, of Sam E. Murrell & Sons, Orlando, for appellant.
S. Victor Tipton, Orlando, for appellee.
WIGGINTON, JOHN T., Associate Judge.
Appellant, the husband of appellee, has appealed a final decree vacating and setting aside a decree of divorce previously granted him by the Circuit Court of Brevard County. Appellant asserts several grounds on which he relies for reversal of the decree appealed.
From the record it appears that appellant sued appellee for divorce in the Circuit Court of Brevard County by complaint filed on March 14, 1961. In his complaint appellant alleged that appellee had deserted him. Constructive service of process was made on appellee by publication. Notice of the suit was duly published and upon appellee's failure to answer a decree pro confesso was entered against her. At an ex parte hearing before the court testimony was taken and a final decree of divorce in appellant's favor was rendered on April 18, 1961.
The complaint in the case sub judice was filed by appellee in the Circuit Court of Brevard County on November 9, 1961, some seven months after rendition of the final decree of divorce. By her complaint appellee alleged that in his suit for divorce appellant committed a fraud upon the court in that he falsely swore that appellee was concealing herself so that process could not be personally served upon her, whereas, in truth and in fact, appellant well knew that appellee was temporarily residing in the home of her sister at Ladson, South Carolina, where appellant had sent her with the understanding that he would either come and get her or send for her within a short time. The complaint further alleged that at the time the suit for divorce was instituted, and at all times during the pendency thereof, appellant was in weekly communication with appellee but at no time did he advise her that suit for divorce had been instituted and was being maintained against her. The complaint averred that appellee had no knowledge of the institution or pendency of the divorce proceeding until after it was concluded by entry of final decree of divorce and therefore had no opportunity to defend the action. Appellant answered the complaint asserting as defenses a general denial of the material allegations, failure of the complaint to state a cause of action, and laches. After hearing and considering extensive testimony and evidence adduced by the parties the chancellor entered the decree appealed vacating and setting aside the decree of divorce rendered on April 18, 1961, upon the specific finding that appellant had *666 perpetrated a fraud on the court by falsely swearing to averments of fact as a predicate for procuring constructive service of process on appellee.
Constructive service of process in the divorce proceeding was obtained by appellant pursuant to the provisions of Section 48.04, Fla. Stat., F.S.A. This statute provides that the sworn statement of plaintiff, for service of process by publication against a natural person, shall show: "(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and * * * (3) * * * that the residence of such person is * * * In the State of Florida but that he * * * conceals himself so that process cannot be personally served upon him * * *." In order to meet the requirements of the foregoing statute, appellant's sworn complaint for divorce alleged that he had made diligent search and inquiry to discover the residence of appellee; that her residence is in the State of Florida, but that she conceals herself so that process cannot be personally served upon her. Our review of the record discloses competent and substantial evidence tending to prove that the above-quoted averment of the sworn complaint filed by appellant was knowingly false. This is the testimony which the chancellor saw fit to believe, and for such action we cannot say he abused his discretion. The evidence is sufficient to establish as a matter of law that appellant committed a fraud upon the court in the sworn statement he filed as a predicate for procuring constructive service of process on appellee, and that the chancellor did not err in so holding.[1]
Appellant argues that even had he alleged in his complaint for divorce the specific address where appellee was temporarily residing at the time the suit was instituted, there is no provision in the statute which would have required the clerk of the court to have mailed appellee a copy of the notice of suit or of the complaint filed therein. Appellant therefore reasons that, even if it be held that he falsely alleged appellee to be concealing herself so that process could not be served on her, such false allegation should be considered as surplusage, immaterial, and insufficient to affect the validity of the process constructively served on appellee in the case. We do not so construe the constructive service of process statute above referred to. If appellant knew where his wife was temporarily residing at the time he instituted his divorce action against her, the spirit if not the letter of the statute required that he state her address in his sworn statement for constructive service. If such address had been so stated, fundamental due process of law would have required that notice of the suit be mailed to the defendant by the clerk of the court so she would have been afforded the opportunity of defending the action if she so desired. We therefore reject appellant's argument under this point of his brief.
Appellant urges the impropriety of the procedure followed by appellee in the institution of this suit. He contends that the final decree of divorce was subject to assault only by motion filed in that cause, and was impervious to attack by this independent action. Although the Supreme Court appears to have approved the procedure advocated by appellant as a vehicle for attacking a decree induced by fraud,[2] it has also approved the procedure followed by appellee as a means of reaching the same result.[3] We note in passing that the proceeding in that case was instituted prior to the adoption of Rule 1.38(b), 1954 Rules of Civil Procedure, 30 F.S.A. Under that rule, judgments or decrees procured by fraud *667 may be set aside by motion filed in the cause within a reasonable time, but not later than one year after entered. Even under this rule, however, independent actions brought for the purpose of setting aside judgments or decrees procured by fraud are not prohibited. We therefore hold that the chancellor did not commit error in denying the motion to dismiss the complaint on this ground.
Appellant lastly contends that the cause of action, if any, is barred by laches. The evidence disclosed by the record does not establish that appellee is guilty of laches as a matter of law in the institution of this action. We therefore conclude that this point on appeal is without merit. The decree appealed is accordingly affirmed.
ANDREWS, Acting C.J., and BARKER, ROGER A., Associate Judge, concur.
NOTES
[1] Vega v. Vega, Fla.App. 1959, 110 So.2d 29.
[2] Ibid.
[3] Hoffman v. Hoffman, Fla. 1957, 92 So.2d 524.