Matthew J. Jaseh, J.
Plaintiff moves, pursuant to CPLB 3211 (subd. [b]) for summary judgment or in the alternative to dismiss the affirmative defenses contained in defendants’ answer.
This is an action to enforce judgment rendered against the defendants by the Circuit Court, Seventh Judicial District, of the State of Florida on January 10, 1967, in the sum of $369,343.22.
The judgment was based on a guarantee made by the defendants to the plaintiff of a note given by the Seminole Park and Fairgrounds, Inc., a Florida racetrack.
Defendants’ answer interposes three affirmative defenses. First, that the Florida judgment was “ rendered on false and fraudulent statements;” second, that this action is premature since an appeal is being taken from the Florida judgment; and lastly, that plaintiff has failed to credit certain payments against the Florida judgment.
An examination of the defendants’ affidavits and other papers submitted does not disclose any evidentiary facts or proof which substantiates the claim, in the first affirmative defense, that the Florida judgment was 11 rendered on false and fraudulent statements. ’ ’
Furthermore, even if adequate proof had been submitted to create a question of fact to preclude summary judgment, such a defense is legally insufficient. Where suit is brought in one State on a judgment rendered in another State, which has jurisdiction of the parties and subject matter, the' defendants can raise only such defenses as would have been available to them in an action to enforce the judgment in the State where the judgment was rendered. (Roche v. McDonald, 275 U. S. 449, 452; Matter of Johnson, 301 N. Y. 13, 20, revd. on other grounds sub nom. Johnson v. Muelberger, 340 U. S. 581; Parker v. Hoefer, 2 N Y 2d 612.)
A collateral attack on a judgment on the ground it was rendered on false testimony is not permitted in the State of Florida. *231 (Lucy v. Deas, 59 Fla. 552; MaeFadden v. Muckerman, 116 So. 2d 448 [Fla. App.].) Therefore, such an attack is barred here, where the party attacking would not be permitted to make a collateral attack in the courts of the granting State.
Defendants’ relief, if, in fact, the judgment were obtained on false statements, would be to move by direct attack in the State of Florida to set aside the judgment. (See Florida Rules of Civil Procedures, rule 1.38, 30 Fla. Stat. Ann. [Supp. 1965].)
Concerning the second defense, suffice to say, that the pendency of an appeal in Florida from a Florida judgment does not automatically stay the judgment. Florida Appellate Rules (31 Fla. Stat. Ann. [1966 Supp.]) provide, inter alia:
“ 5.2 Every appeal taken to the [Appellate] Court from a final * * * judgment * * * shall operate as a stay or supersedeas upon posting bond under the conditions specified herein. (Emphasis added.)
“ 5.3 If the appeal is from a final money decision, judgment or decree the stay or supersedeas shall be as of right upon the posting of the bond.
“5.5 If a party desires to supersede a * * * final * w * judgment * * * he shall, at the time the appeal is taken, or at any time prior to filing the record-on-appeal in the [Appellate] Court, apply to the lower court for an order fixing the amount, terms and conditions for good and sufficient bond to be payable to the adverse party.” (See, also, Horn v. Horn, 73 So. 2d 905 [Sup. Ct., Fla., 1954].)
Admittedly, no supersedeas bond was filed and, therefore, the judgment is final and in full force and effect, and as such can be enforced.
There remains the defense that plaintiff failed to credit certain payments against the Florida judgment. The plaintiff concedes that it has received the sum of $62,525.3-7 subsequent to the entry of judgment in Florida pursuant, to the plan of reorganization of the Seminole Racetrack. Also, that further amounts may •be received in the future. However, this is no -bar to summary judgment, in the amount of the Florida judgment minus the sum already collected.
As to any additional sums the plaintiff may receive in the future, the defendants will become subrogated by operation of law to said sums. (Union Trust Co. v. Willsea, 275 N. Y. 164.)
It is also asserted that the plaintiff has not enforced his rights against guarantors other than these defendants. It is axiomatic that plaintiff may enforce its rights against whosoever has liability to it.
Therefore, motion for summary judgment should be granted.