275 So.2d 272 (1973)
W.C. ALEXANDER et al., Appellants,
v.
FIRST NATIONAL BANK OF TITUSVILLE, a National Banking Corporation, Appellee.
No. 71-1058.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
*273 William E. Weller of Rose & Weller, Cocoa Beach, for appellants.
Charles M. Harris of Crofton, Holland & Starling, Titusville, for appellee.
REED, Chief Judge.
This is an appeal from a summary final judgment entered by the Circuit Court for Brevard County, Florida. The plaintiff below, appellee here, instituted the action for the purpose of setting aside certain conveyances of real property claimed to have been fraudulently made for the purpose of defeating plaintiff's effort to collect a deficiency judgment which it had obtained against defendants in a prior foreclosure action. The final judgment of foreclosure was entered on 11 March 1970. The deficiency judgment was entered on 27 August 1970. The present action was instituted sometime prior to 12 November 1970.
By counterclaim the defendants allege that in the prior action the plaintiff misstated the amount of the indebtedness there involved by $8,100.00 with the result that the final judgment of foreclosure and the deficiency judgment were erroneous and obtained by a fraud on the court. The relief sought is a nunc pro tunc reduction in both the judgment of foreclosure and the deficiency judgment.
The trial court struck the counterclaim and later entered a summary judgment for the plaintiff. The issue here is the propriety of the order striking the counterclaim. The appellants concede that the summary judgment is proper, unless the counterclaim was erroneously stricken.
In our opinion, the disposition of this case turns on Rule 1.540(b), RCP, 31 F.S.A. In pertinent part that rule provides:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action."
Rule 1.540(b) and its forerunner, Rule 1.38(b), RCP, were designed to provide "... a party or his legal representative ..." with a convenient and orderly method for attacking a final judgment, even after the time for appeal had expired. The rule contemplates that the relief on the grounds therein enumerated will be applied for by a motion filed in the same proceeding in which the questioned judgment was entered. See Corrigan v. Corrigan, Fla.App. 1966, 184 So.2d 664, 666. As a concomitant to providing this means for relief from a final judgment, the Florida Supreme Court eliminated  with one exception  the common law writs and equitable remedies which had theretofore been used as procedural devices for obtaining such relief. This is the significance of the last sentence of the rule. Perhaps as a means of protecting the integrity of the court system, the Supreme *274 Court preserved one historic method of attacking a final judgment. The rule preserves:
"... an independent action to relieve a party from a judgment ... or to set aside a judgment ... for fraud upon the court."
The appellants' counterclaim clearly did not entitle them to relief from the final judgment of foreclosure or the deficiency judgment on any of the numbered grounds specified in Rule 1.540(b), RCP. As demonstrated above, such relief is dependent on a post-judgment motion in the original action. Appellants did not avail themselves of this procedure. The only other procedural means available to them for relief from the judgment (aside from an appeal) was an independent action grounded on "fraud upon the court". The question before us, therefore, narrows to this. Did the appellants' counterclaim, as an independent action, sufficiently allege facts showing that a fraud on the court had occurred in the prior action?
"Fraud on the court" is a somewhat elusive concept. See 7 J. Moore Federal Practice, 1972, ¶¶ 60.33, 60.36, 60.37, and Toscano v. C.I.R., 9 Cir.1971, 441 F.2d 930, 933. If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action  not by independent actions.
Without attempting a comprehensive definition of "fraud on the court" it is our view that the facts alleged in the counterclaim do not qualify as such. In addition to the policy considerations mentioned above, these other factors move us to this conclusion: (a) the counterclaim does not allege a misrepresentation which misled the court (in the original action) as to its jurisdiction over the person of the defendant, the identification of the defendant, or the subject matter; and (b) neither does the counterclaim allege a misrepresentation which prevented the appellants from effectively presenting a defense in the original action based on the same facts they now desire to set before the court via the independent action. The "fraud" to which the counterclaim speaks is in our view the type of fraud contemplated by subsection "(3)" of Rule 1.540(b), RCP, and should have been brought to the attention of the court by a motion filed in the original action  not by an independent action.
For the foregoing reasons we conclude that no error has been demonstrated in the order striking the counterclaim. Consequently, the final judgment is affirmed.
Affirmed.
OWEN and MAGER, JJ., concur.