**Margaret Jean VANDERVOORT, SAMS, ANDERSON, ALPER & POST, P. A., and Alan R. Schwartz, Plaintiffs-Appellees,**

v.

**H. Carl VANDERVOORT, Jr., Defendant-Appellant.**

No. 75–1023.

United States Court of Appeals, Fifth Circuit.

March 25, 1976.

Rehearing Granted May 10, 1976.

Henry W. Simon, Jr., Harold D. Hammett, Fort Worth, Tex., for defendant-appellant.

Paul D. Hoover, George E. Bowles, Dallas, Tex., for plaintiffs-appellees.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The plaintiff-appellee, Margaret Jean Vandervoort, (Margaret) sued the defendant-appellant, H. Carl Vandervoort (Carl) for divorce in a Dade County, Florida, court in January 1971. That court in September 1971 granted the divorce, retaining jurisdiction in order to provide for distribution of the marital assets. Final money judgments in personam rendered thereafter in favor of the appellees were appealed by Carl's attorneys to the Florida District Court of Appeal and to the Florida Supreme Court. All appeals were unsuccessful, the last appeal being exhausted Septem-

ber 3, 1974. No supersedeas bonds were filed staying any appeal.

Meanwhile, on July 18, 1972, Carl unilaterally filed a Chapter XI bankruptcy petition on behalf of a marital "horse partnership" in the Northern District of Texas, Ft. Worth Division. No stay order issued as to the Florida proceedings or the parties thereto, since the Chapter XI proceeding involved the partnership only, not Carl individually.[1]

The instant proceedings were brought in the federal district court under the diversity jurisdiction by Margaret, her Florida attorneys, and the Special Master, Schwartz, appointed in the Florida proceedings, asking that Full Faith and Credit be given the Florida judgments[2] in their behalf and that said judgments be enforced against Carl by the entry of judgment thereon.

Carl in defense sought to attack the Florida judgments collaterally on the ground of fraud on the Florida court, pleading Rule 1.540(b), Florida Rules of Civil Procedure, 31 Florida Statutes Annotated[3] as the basis for such attack. The fraud allegation centered primarily around claimed misrepresentations by Margaret and her counsel to the Florida court as to Carl's ability to pay. It was claimed that Schwartz was employed or associated in legal matters from time to time by the Florida attorneys, and that his appointment was a fraud upon the Florida divorce court.

The court below granted motions for summary judgment in favor of Margaret and her co-plaintiffs, and this appeal followed. We affirm, holding that while Florida Rule 1.540(b) would provide a means for an attack on the Florida judgments in the Florida court, it was unavailable for relief in a Texas diversity action brought under the Full Faith and Credit Clause.

In *Sportservice v. Grande*, 1967, 54 Misc.2d 229, 282 N.Y.S.2d 63, 67, the New York Supreme Court considered the same issue and stated:

"A collateral attack on a judgment on the ground it was rendered on false testimony is not permitted in the State of Florida. [*Lucy v. Deas*, 59 Fla. 552, 52 So. 515; *MacFadden v. Muckerman*, 116 So.2d 448, Fla.App.] Therefore, such an attack is barred here, where the party attacking would not be permitted to make a collateral attack in the courts of the granting state.

"Defendants' relief, if, in fact, the judgment were obtained on false statements, would be to move by direct attack in the State of Florida to set aside the judgment. [See Rule 1.38 Florida Rules of Civil Procedure, 30 Fla.Stat.Ann. (Supp.1965).]" *Sportservice Corporation v. Grande*, 54 Misc.2d 229, 282 N.Y.S.2d 63, 65 (1967).[4]

---

1. Carl was additionally the defendant in a suit styled *Velma Vandervoort, et al. v. H. Carl Vandervoort, Jr.*, CA–4–1742, Northern District of Texas, brought by his mother after the Florida divorce proceedings had begun, and after Carl returned to Texas to live. It is unclear whether this suit was ever answered by Carl, or if diversity of citizenship existed. It was initiated in the Southern District of Florida and transferred to the Northern District of Texas. After the transfer no further action occurred in that proceeding.

2. Margaret's Florida judgment was in the amount of $213,579.18 plus interest, that of the attorneys was for $60,000, plus interest, and the judgment for the Special Master, Schwartz, was for $4500 plus interest.

3. Rule 1.540(b), Florida Rules of Civil Procedure provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; . . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court."

4. Rule 1.38, Florida Rules of Civil Procedure, 30 Fla.Stat. (Supp.1965) was the predecessor to Rule 1.540(b) sought to be invoked here.

Florida courts have adopted the same view of Rule 1.540(b):

"Rule 1.540(b) and its forerunner, Rule 1.38(b), RCP, were designed to provide '. . . a party or his legal representative . . .' with a convenient and orderly method for attacking a final judgment, even after the time for appeal had expired. The rule contemplates that the relief on the grounds therein enumerated will be applied for by a motion filed in the same proceeding *in which the questioned judgment was entered.* See *Corrigan v. Corrigan,* Fla.App.1966, 184 So.2d 664, 666. As a concomitant to providing this means for relief from a final judgment, the Florida Supreme Court eliminated—with one exception—the common law writs and equitable remedies which had theretofore been used as procedural devices for obtaining such relief. This is the significance of the last sentence of the rule. Perhaps as a means of protecting the integrity of the court system, the Supreme Court preserved one historic method of attacking a final judgment. The rule preserves: '. . . an independent action to relieve a party from a judgment . . . or to set aside a judgment . . . for fraud upon the court.'

" 'Fraud upon the court' is a somewhat elusive concept. See 7 J. Moore Federal Practice, 1972 ¶¶ 60.33, 60.36, 60.-37, and *Toscano v. C.I.R.,* 9 Cir. 1971, 441 F.2d 930, 933. If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action—not by independent actions." [Emphasis in original.]

*Alexander v. First National Bank of Titusville,* 4 Fla.D.C.A.1973, 275 So.2d 272.

Finally, our decision is governed by the holding as to the law of this Circuit articulated by Judge Hutcheson in *Midessa Television v. Motion Pictures for Television,* 5 Cir. 1961, 290 F.2d 203, 205, cert. denied, 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30:

"While a distinction is made between extrinsic and intrinsic fraud, *United States v. Throckmorton,* [98 U.S. 61, 25 L.Ed. 93]; *United States v. Beebe,* 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; 49 C.J.S. Judgments § 372b, p. 735, this becomes irrelevant on a collateral attack on a judgment after it is determined that the court had jurisdiction. The matter of jurisdiction is the sole point of inquiry. On this premise of jurisdiction, the courts have held that a ground of fraud cannot be pleaded in an action in one state on a judgment obtained in another. *Simmons v. Saul,* 138 U.S. 439, 11 S.Ct. 369, 34 L.Ed. 1054."

The jurisdiction of the Florida divorce court over the parties is conceded. Carl appeared in person and by counsel and the judgments were appealed through the Florida courts.

Affirmed.

ON PETITION FOR REHEARING

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby GRANTED to the extent that the portion of the order and judgment of the district court dismissing the appellant's counterclaim for an accounting of the marital horse partnership is reversed and remanded with instructions to dismiss that portion of the counterclaim without prejudice to the right of appellant to refile it in a court of competent jurisdiction.

We adhere to our opinion reported at 529 F.2d 424 [1976] in all other respects.