MELVIN, Judge.
Appellant-plaintiff brings for review the final judgment rendered December 7, 1976, in favor of defendants in her cause of action against Volkswagen Insurance Company and James R. Smith. The facts leading up to the controversy began to unfold on November 20, 1971, when the plaintiff was riding as a passenger in a vehicle operated by James R. Smith and insured by Volkswagen Insurance Company. The automobile was involved in an accident, and the plaintiff suffered an injury. Thereafter, Volkswagen Insurance Company paid benefits to Robin Allnut Smith until sometime in 1973, when it learned that Robin Allnut Smith and James R. Smith had been married in February of 1973. Upon such information being obtained, the Smiths were informed that no further benefits would be paid since the intervening marriage had relieved James R. Smith and his carrier from liability. Thereafter, in December, 1974, in the Circuit Court of Flagler County, a final judgment dissolving the marriage of Robin Allnut Smith and James R. Smith was entered. In January, 1975, Robin Allnut Smith filed her complaint against her former husband and his insurance carrier, seeking damages for the injury received as a result of the 1971 automobile accident. See Gaston v. Pittman, 224 So.2d 326 (Fla. 1969). The insurance carrier and James R. Smith raised as an affirmative defense in-terspousal immunity alleging that a fraudulent divorce had been obtained. The defense was framed in this manner:
“6. At all times material hereto, Plaintiff, Robin Allnut Smith and Defendant, James R. Smith were and are husband and wife. As a result of this relationship, the Plaintiff is wholly barred from recovery from James R. Smith and/or Volkswagen Insurance Company on the basis of interspousal immunity.”
The trial judge held that the interspousal immunity theory was applicable and entered final judgment against plaintiff.
It is the position of the defendants that the testimony before the court in support of the defense of interspousal immunity reveals that the marriage of the parties was not irretrievably broken and further, that the parties obtained their divorce because that was the only way a suit could be maintained against the insurance company.
We hold that the interspousal immunity defense is wholly inapplicable. The Circuit Court in Flagler County had jurisdiction of the parties and the subject matter in the dissolution suit. Jurisdictional basis for such a proceeding is an allegation of residence in Florida for the required period of time, and that the marriage of the parties is irretrievably broken. Based upon the testimony presented, the court adjudged that the marriage between the parties was irretrievably broken and the parties’ marriage was thereby dissolved. This final judgment is not subject to collateral attack on an interspousal immunity theory by a party thereto and/or his insurance carrier. In MacFadden v. Muckerman, 116 So.2d 448, at 449 (Fla.3d DCA 1959), the Court held:
“ . . . The rule is. and has been that those issues that could or have been litigated in the proceedings themselves are not sufficient grounds to collaterally attack a decree which otherwise appears to be valid on its face. . . . ”
The.final judgment appealed from is REVERSED for further proceedings consistent with this opinion.
ERVIN, Acting C. J., and NIMMONS, RALPH W., Jr., Associate Judge, concur.