383 So.2d 280 (1980)
William M. GROOVER, Appellant,
v.
Hazel GROOVER, Appellee.
No. 78-2207/T4-244.
District Court of Appeal of Florida, Fifth District.
May 7, 1980.
*282 Lee S. Damsker, Tampa, for appellant.
Jon S. Rosenberg, Orlando, for appellee.
PER CURIAM.
The issue in this case is whether the trial court erred in dismissing the complaint of appellant, a collateral attack on a divorce judgment entered in 1971, pursuant to Rule 1.540(b), Florida Rules of Civil Procedure.
The facts are simple: William Groover married Hazel in 1955 in Indiana. She was previously married to a man named Cox and had never been divorced from him. After some sixteen years of marriage, Hazel Groover filed for divorce against William in Florida in 1971 on the sole ground of cruelty; the answer admitted the marriage. The divorce was granted to the wife on the basis of the alleged cruelty. After non-payment of alimony and enforcement proceedings against him, William Groover filed an independent action in 1977 seeking to invalidate the divorce judgment, hence the alimony order, on the ground that the 1955 marriage was bigamous and void ab initio and, therefore, Hazel had committed a fraud upon the court in obtaining the judgment in 1971.
Testimony was presented in the cause. There was conflicting evidence as to whether William knew that his marriage to Hazel was bigamous at the time of its dissolution in 1971. The trial court entered an order with the following finding:
[T]he Husband could, and should, have litigated the question sought to be raised now by collateral attack.
The Court has heard testimony as to whether the husband knew, or should have known, that the wife had not been divorced from the previous husband, but does not here decide that issue. [Emphasis added.]
The above paragraphs are logically irreconcilable. Unless the trial court found actual or constructive knowledge by the husband of the bigamy, how could it be said that he should have litigated that question?
The trial court then dismissed the complaint with prejudice pursuant to Rule 1.420(b), Florida Rules of Civil Procedure, apparently on the authority of Alexander v. First Nat'l. Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973). The trial court found that such fraud or misrepresentation as may have been chargeable to Hazel Groover was merely a factual misrepresentation that did not relate to jurisdiction of the court and, therefore, was the type of fraud contemplated by subsection (3) of Rule 1.540(b), Florida Rules of Civil Procedure and which should have been raised by motion in the original action within one year after the judgment, rather than the type contemplated by subsection (4) of that rule referring to a judgment that is void.
This is clearly erroneous. A marriage that is bigamous is void and cannot support an award of alimony when the putative wife is the wrongdoer or equally responsible with the husband in creating the situation. Burger v. Burger, 166 So.2d 433 (Fla. 1964). To render a valid judgment of divorce that would support an alimony award, as opposed to a declaratory "divorce judgment" based on bigamy (which is equivalent to an annulment), the trial court must have jurisdiction of a valid marriage. See Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 294 (1929) and Young v. Young, 97 So.2d 470 (Fla. 1957). Before subject matter jurisdiction can be exercised, it must be lawfully invoked. Roberts v. Seaboard Surety Co., 158 Fla. 686, 29 So.2d 743 (1947). To represent to a circuit court that a marriage is valid as opposed to void is not a misrepresentation inducing merely "an incorrect factual determination by the trier of fact," as is discussed in Alexander, supra, and upon which the trial court relied for its dismissal of this action. Cf., Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976). Moreover, a bigamous marriage may be attacked at any time. In re Estate of Kant, *283 272 So.2d 153 (Fla. 1972); Kuehmsted v. Turnwall, 103 Fla. 1180, 138 So. 775 (1932).
The record indicates that Hazel knowingly entered into a bigamous marriage with William; that marriage was void ab initio and cannot support an award of alimony. As there was no valid marriage, there could be no divorce in the customary fashion; the only ground for a declaratory "divorce judgment" available to the parties was bigamy which was not alleged. Thus, the court never acquired jurisdiction over the subject matter and its final judgment of divorce is void. The misrepresentation chargeable to Hazel was not merely factual but was jurisdictional and it was the type of "fraud on the court" for which relief should have been granted pursuant to Rule 1.540(b). Appellee's contention that any irregularities in the proceedings were, or should have been, litigated is without merit; parties cannot, even by consent, confer subject matter jurisdiction upon the court. Hadley v. Hadley, 140 So.2d 326 (Fla. 3d DCA 1962).
The court therefore erred in dismissing the husband's action to vacate the final judgment of divorce and the cause is remanded with directions to reinstate the complaint for a full hearing on all the issues.
During the trial, the Groovers stipulated to a property settlement and child custody agreement which was incorporated into the final judgment of divorce. Under the terms of the judgment, Hazel was awarded permanent custody of the children, child support and alimony which would cease upon her remarriage. Hazel was required to convey jointly owned property to William. The record does not indicate whether William agreed to the alimony payments, or merely agreed to a division of their jointly owned property, or whether Hazel accepted the alimony payments as consideration for relinquishment of her interest in the joint property. Had William agreed to make the payments as part of the consideration for acquisition of Hazel's property interests, then he would be bound by his stipulation. Generally, a stipulation properly entered into by parties and relating to a matter appropriate to stipulation will be binding upon the parties. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971); Welch v. Gary Moss Bendholders Corp., 128 Fla. 722, 175 So. 529 (1937). Here, the child custody and the property settlement were appropriate matters for stipulation in an original proceeding, a portion of which was valid as the court has inherent jurisdiction to control and protect infants and their property. Cone v. Cone, 62 So.2d 907 (Fla. 1953). To avoid the consequences of the stipulation, a party must show that the agreement was obtained by fraud, misrepresentations or mistake of fact. Esch v. Foster, 123 Fla. 905, 168 So. 229 (1936); Curr v. Helene Transportation Corp., 287 So.2d 695 (Fla. 3d DCA 1973).
Appellant has asked not only for relief from the judgment but also a return of the alimony payments already made. Whether he should be reimbursed or even relieved of the obligation to make future "alimony" payments will depend on several factors, including:
1. Whether he knowingly participated in the "fraud on the court" by failing to challenge the validity of the marriage in the original suit;
2. Whether his promise to pay "alimony" was a part of the consideration for Mrs. Groover's conveyance of her interest in the jointly owned property;
3. How long he waited to reveal the fraud after learning of his wife's omission.
If Appellant fails to demonstrate good cause for avoiding the consequence of his stipulation in its entirety, he should be bound by its provisions.
The order of dismissal is REVERSED and this cause is REMANDED for a new trial consistent with this opinion.
COBB and UPCHURCH, JJ., concur.
MILLER, ROBERT P., Associate Judge, dissents with opinion.
*284 MILLER, ROBERT P., Associate Judge, dissenting:
The majority opinion states that since there was no valid marriage there could be no divorce (in the customary fashion), and therefore the Court never acquired jurisdiction over the subject matter and its Final Judgment of Divorce is void. Such reasoning is fundamentally wrong. Subject matter jurisdiction depends upon the allegations in the complaint irregardless whether or not such allegations are true or false. Subject matter jurisdiction is the power of the Court to determine whether or not such allegations are true or false. Rule 1.540(b)(3), Florida Rules of Civil Procedure, provides that a party may be relieved of such determination if the same was procured by fraud so long as the motion for such relief is filed within one year. Apparently grounds for such relief existed in this case but no motion was filed. The one year period has passed and the determination of the truth or falsity of such allegation is now final.
I believe the better view is that expressed by the trial judge who stated:
"The Plaintiff-Husband is barred from maintaining this independent action unless he comes within the exception set forth in FRCivP 1.540(b), to-wit `... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.' (emphasis supplied).
"What, then, is `fraud upon the court', and do the facts of this case come within the definition?
"Alexander v. First National Bank of Titusville, 275 So.2d 272 (4th DCA 1973) is both instructional and authoritative. Speaking for the Court, Judge Reed, at page 274, stated:
`"Fraud on the court" is a somewhat elusive concept. See 7 J. Moore Federal Practice, 1972 ¶¶ 60.33, 60.36, 60.37, and Toscano v. C.I.R., 9 Cir.1971, 441 F.2d 930, 933. If it is given a broad application so as to comprehend any type of misrepresentation by a witness or party which induced an incorrect factual determination by the trier of fact, judgments would be subject to frequent attack by independent actions, and the time for such attacks would be limited only by laches. The policy of the law which favors the termination of litigation suggests that such a broad application of the concept is unwarranted. So too does the policy of Rule 1.540(b), RCP, which promotes non-appellate attacks on a final judgment by motion in the original action  not by independent actions.
`Without attempting a comprehensive definition of "fraud on the court" it is our view that the facts alleged in the counterclaim do not qualify as such. In addition to the policy considerations mentioned above, these other factors move us to this conclusion: (a) the counterclaim does not allege a misrepresentation which misled the court (in the original action) as to its jurisdiction over the person of the defendant, the identification of the defendant, or the subject matter; and (b) neither does the counterclaim allege a misrepresentation which prevented the appellants from effectively presenting a defense in the original action based on the same facts they now desire to set before the court via the independent action. The "fraud" to which the counterclaim speaks is in our view the type of fraud contemplated by subsection "(3)" of Rule 1.540(b), RCP, and should have been brought to the attention of the court by a motion filed in the original action  not by an independent action.'
"Applying the definition and decision in Alexander, supra, to this case, the Court finds and holds that the `fraud' herein complained of by the petitioner-husband is the type of fraud contemplated by subsection (3) of FlaRCivP 1.540, and therefore, Motion for relief therefrom must have been brought in the original action and brought within one (1) year `... after the judgment ... was entered'.

*285 "The distinction between intrinsic and extrinsic fraud has been eliminated for purpose of seeking relief from a judgment under FRCivP 1.540(b), but was not always the case. Previously, an independent action could be brought to set aside a decree or judgment when the grounds therefore constituted `extrinsic fraud'; not so if the ground alleged constituted `intrinsic fraud'. In Macfadden and [v.] Muckerman, 116 So.2d 448 (Fla. 1959), an independent action was brought to have a divorce decree set aside which had been entered some thirteen years previously, alleging as ground therefore that the Plaintiff in the prior divorce action has "... falsely and fraudulently claimed to be a legal resident of the State of Florida when in fact, he was a mere sojourner or visitor to this state, and that by such false and fraudulent representation, had induced a court of the State of Florida to grant him a divorce." In affirming the lower court's dismissal, the Supreme Court stated, at page 449:
`... In the case at bar, the appellant seeks to collaterally attack the decree some thirteen years after its rendition upon grounds which constitute intrinsic rather than extrinsic fraud. The rule is and has been that those issues that could or have been litigated in the proceedings themselves are not sufficient grounds to collaterally attack a decree which otherwise appears to be valid on its face. See Matsis v. Matsis, 155 Fla. 786, 21 So.2d 545; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514; Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872. As opposed to intrinsic fraud, the bill of complaint does not, in our opinion, allege facts which would constitute extrinsic fraud such as the deceased husband's fraudulently keeping the appellant from defending the action, keeping her in ignorance of the proceedings, or other misconduct that would deprive the wife of an opportunity to have defended the action. See 19 Fla.Jur., Judgments and Decrees, § 431.'
"As applied to the case sub judice, the actions of the wife did not fraudulently (1) keep the Husband from defending the action, (2) keep him in ignorance of the proceeding, nor was she guilty of other misconduct that deprived him of the opportunity to defend the divorce action.
"...
"In the instant case, the trial court had jurisdiction of the parties and of the subject matter; the Husband could, and should, have litigated the question sought to be raised now by collateral attack.
"The Court has heard testimony as to whether the husband knew, or should have known, that the Wife had not been divorced from the previous husband, but does not here decide that issue.
"The `Complaint to Vacate Final Judgment' filed in Civil Action 77-7965, is DISMISSED WITH PREJUDICE pursuant to FRCivP 1.420(b)."
I would affirm.