PER CURIAM.
We find no error in a trial court refusing to permit a defendant to go behind a Florida judgment, which domesticated a New Jersey judgment,[1] when the alleged attack is bottomed on an alleged fraud in the New Jersey court in the rendition of the original judgment.
First, because the alleged fraud, if any, occurred in the New Jersey court and no attack on this ground has been made in the courts of New Jersey.[2] Second, the defend *786 ants were aware of the alleged fraud prior to the domestication of the foreign judgment and failed to raise this defense therein, if it was available. We do not here decide the availability of such defense in the domestication proceedings. Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981); Wise v. Tucker, 399 So.2d 500 (Fla. 4th DCA 1981); Kimbrough v. McCranie, 325 So.2d 70 (Fla. 1st DCA 1976); Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973); Corrigan v. Corrigan, 184 So.2d 664 (Fla. 4th DCA 1966); Vandervoort, Sams, Anderson, Alper & Post, P.A., v. Vandervoort, 529 F.2d 424 (5th Cir. 1976).
Therefore the order striking the defense and the summary judgment, which is the subject matter of appeal in Case No. 82-1383, is affirmed. The order denying the rehearing, which is the subject matter of Case No. 82-1919, is also affirmed. State v. District Court of Appeal, Third District, 187 So.2d 890 (Fla.1966); State v. Pearson, 156 So.2d 4 (Fla.1963); Scott-Whitaker Company, Inc., v. Joyce Properties, Inc., 155 So.2d 661 (Fla. 3d DCA 1963).

. The original litigation commenced in New Jersey in 1973, final judgment in New Jersey was rendered in 1977, the Florida proceedings resulting in the domestication to the foreign judgment occurred in 1978, no appeal from this judgment was taken. In 1981, one of the judgment debtors died. A claim was made in his estate. The claim was objected to and the instant lawsuit was filed in the trial court in 1981.

. The validity of the original judgment has been the subject matter of extensive appellate proceedings in the state courts of New Jersey, as well as review having been sought in the United States Supreme Court. Switlik v. Hard- *786 wicke Corp., 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980). It was also the subject matter of an original civil rights action in the Federal Courts. Switlik v. Hardwicke Company, Inc., 651 F.2d 852 (3rd Cir.1981), cert. denied 454 U.S. 1064, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981). In none of these proceedings was the issue of the alleged fraud raised although it is clear from this record that if there was any fraud the judgment debtors were aware of it, at least by June 1976. The original judgment creditor’s corporations were Hardwicke’s New Jersey Preserves, Inc. and Great Adventure, Inc. The appellee, Great Adventure, Inc., is successor in interest to the original judgment creditors by merger and name change.