PER CURIAM.
We affirm the order finding the appellant in contempt in this case for failure to pay an alimony award. In Jarrell v. Jarrell, 630 So.2d 626 (Fla. 4th DCA 1994), we have affirmed the award of alimony to the appel-lee. We noted that appellant did not contend that the award was a property division. Instead he relied on the argument that the trial court lacked subject matter jurisdiction to award alimony because the marriage was invalid. That was premised on the implied assumption that the alimony awarded was for support, because even the case .most strongly relied upon by appellant, Groover v. Groover, 383 So.2d 280 (Fla. 6th DCA 1980), recognized that the trial court would have jurisdiction to adjudicate property claims. See Groover at 283. Accord Burger v. Burger, 166 So.2d 433, 437 (Fla.1964), upon which we, appellee, and the trial court relied in awarding “equitable alimony.” We review the trial court’s determination under an abuse of discretion standard. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
While the issue is very close, it is clear from the order of contempt that the trial court considered the lump sum alimony award as support. It was needed to provide shelter for the wife and child. Therefore, it was enforceable by contempt. See Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985); see also Geisinger v. Geisinger, 436 So.2d 439 (Fla. 4th DCA 1983).
The remaining points are without merit.
Affirmed.
DELL, C.J., and STONE and WARNER, JJ., concur.