CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1912.

---

L. M. TRIBBLE *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[60 South. 2.]

LIBEL AND SLANDER. *Libelous words.*

> Where a railroad company through the assistant of its president wrote to a surety company in regard to a former employee, that while employed by it such employee was guilty of "the practice of overcollecting from patrons of the company and pocketing such amounts by forcing his cash with the correct amount collectible as reported by him" and also charged that he took liberties with the Company's funds. Such words impute the want of honesty, the lack of integrity and unreliability and unworthiness of trust and are actionable.

APPEAL from the circuit court of Carroll county.
HON. G. A. McLEAN, Judge.

Suit by L. M. Trimble against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Critz & Critz* and *T. C. Kimbrough*, for appellant.

*Mayes & Longstreet*, for appellee.

Argued orally by W. J. Lamb, for appellant.

Judge Reed delivered the opinion of the court.

This case is before the court on pleadings. The record, which contains 172 pages, consists almost entirely of declarations, demurrers, pleas, motions, and orders relating to such pleadings.

It is shown by the declaration that appellant was for several years in the employ of appellee, and held the position of agent at Boyle, Mississippi. While at Boyle, he was not only agent for appellee, but also for the American Express Company. On March 19, 1906, his books and accounts were audited by the auditors of both appellee and the Express Company, and a report was made that appellant was short in his cash. Appellant denies the correctness of this report, and states that he was not short because of a certain claim which he had against appellee and two salary checks which he held. Afterwards, appellant endeavored to obtain a bond from two surety companies, and it is alleged in the declaration that he was prevented from so obtaining the surety companies' execution of the bond by reason of certain letters written by appellee to the surety companies which "did not give the true record of the appellant while acting as such agent at Boyle, Mississippi, but contained false and scandalous matters reflecting upon his honesty, integrety, and qualifications for performing the work of railroad agent." The letters specially complained of were written: (1) To the Guaranty Company of North America, on April 23, 1907; and (2) to the American Surety Company, in July, 1907. The original declaration was filed March 27, 1908. There were two amended declarations afterwards filed, and this case is appealed from the action of the trial court

in sustaining a demurrer to the second amended declaration.

The declaration charges malice. The two letters above referred to, on which the suit is based, are practically the same, and we will therefore only set out here the first-named letter in full. It is as follows: "Yazoo & Mississippi Valley Railroad Co. Office of Assistant to the President. Chicago, April 23, 1907. Y&MV No. 12766. Mr. J. R. Pruyn, Sec. Guarantee Co. of N. A., The Temple, Chicago.—Dear Sir: In reply to your letter of the 19th inst., concerning L. M. Tribble, Ex-Agent, Boyle, Miss., your file 84685 according to our records it would appear that Tribble's shortage at the above point was not due to dishonesty, but rather carelessness and laziness. I might add for your further information, that after being checked out, Tribble made a strong effort for reinstatement through the order of railroad telegraphers. He finally secured consent of reinstatement but was given to understand that his defense was not considered very good, namely, that in view of the fact that he had certain pay checks in his possession at the time the audit was completed, there was no shortage in his account, and he was also informed that we did not countenance his former practice of overcollecting from patrons of the company and pocketing such amounts by forcing his cash with the correct amounts collectible as reported by him. In short, he was given distinctly to understand that he was not privileged to take liberties with the companies' funds, and would have to dispose of the same strictly in accordance with the regulations thereafter. Yours truly, J. F. Titus, Assistant to President."

It is claimed by appellant that the words written in the foregoing letter are actionable. It certainly seems that the words used tend to disparage appellant in his employment as a railroad agent and impute to him acts or conduct which injuriously affect him. It is charged in the

---

---

letter that he was guilty of the "practice of overcollecting from patrons of the company and pocketing such amounts by forcing his cash with the correct amount collectible as reported by him;" and it is also charged that he took liberties with the company's funds. These words surely impute the want of honesty, the lack of integrity, and unreliability and unworthiness of trust, and are actionable. The amended declarations do not state a new cause of action, but are, as they allege, amendments to the original declaration in the case.

The second amended declaration herein contains a sufficient statement of his case to entitle appellant to go to trial. The demurrer should have been overruled.

*Reversed and remanded.*