### EDWARD M. MATSIS v. BEATRICE APPT MATSIS

21 So. (2nd) 545                                    January Term, 1945
April 3, 1945                                             Division B

*Hubert E. Griggs* and *Crofton & Wilson,* for petitioner.

*H. M. Jarvis,* for respondent.

SEBRING, J.:

This is a petition for interlocutory certiorari to review an order of the circuit court denying a motion to dismiss the bill of complaint in the cause.

From the record before us it appears that Edward M. Matsis instituted a suit in the Circuit Court of Brevard County, Florida, praying for a divorce from his wife, Beatrice Appt Matsis, on the grounds of extreme cruelty and desertion. Constructive service of process was had on the wife, who was a nonresident of the State of Florida. Beatrice Appt Matsis did not appeal in, or defend against, the suit, and a final decree of divorce was entered in favor of the husband on the grounds alleged. After entry of the final decree the husband married another woman.

Subsequently, more than nine months after entry of the final decree of divorce, Beatrice Appt Matsis filed an original bill in the nature of a bill of review in the circuit court of Brevard County, praying that the divorce decree be vacated on the ground of fraud. The substance of the charge of fraud is that prior to the institution of the divorce suit in Brevard

County Edward M. Matsis had attempted to procure a decree of divorce from her, the said Beatrice Appt Matsis, in the Hillsborough County Superior Court of New Hampshire on the grounds of extreme cruelty and desertion; that after a trial on the merits the New Hampshire court had denied Matsis the relief sought, had dismissed his bill, and had entered a divorce decree in favor of the wife, a mensa et thoro; that said decree of dismissal against him in the Hillsborough County Superior Court of New Hampshire, by which he was denied relief and a decree was granted to his wife, operated as a legal bar to prevent the said Matsis from relitigating in another forum the grounds for divorce which had been previously asserted in the New Hampshire suit and which had been concluded by a final decree of dismissal; that when Matsis had instituted his suit for divorce in the Circuit Court of Brevard County he had committed fraud upon the court by intentionally omitting from the allegations of his bill of complaint any reference to the prior divorce proceedings and decree of dismissal, by which he was denied a divorce and the wife was granted a divorce a mensa et thoro. It is also asserted in the bill of complaint that the final decree of divorce should be set aside for the reason that at the time of trial on the merits in the Brevard Circuit Court proceeding Matsis had not offered any witnesses to corroborate his own testimony on the facts of extreme cruelty alleged in the bill of complaint to have been committed by the wife.

A motion to dismiss the bill was denied. The defendant comes to this Court by petition for certiorari, asking that we review the order of the circuit court denying the motion to dismiss the bill of complaint.

It is our view that there is no equity in the bill, and that the motion to dismiss should have been granted. The allegations of the bill of complaint show not fraud but an attempt by the wife to relitigate issues which should have been presented in the original suit and which have been foreclosed by the entry of the final decree and the lapse of the statutory time within which to take an appeal. If the decree entered in the New Hampshire court did in fact constitute a bar to any subsequent suit by the husband on the same issues, it was

Mrs. Matsis' duty to assert such defense in the original suit in timely manner, if she cared to avail herself of such defense. See Harrison v. Harrison, 19 Ala. 499. If the evidence offered by Mr. Matsis to sustain his bill was insufficient, the place to have made the objection was in the original suit; there being at least some evidence offered by the plaintiff in the original suit to prove his cause of action. Having intentionally refrained from asserting her defenses or contesting the issues in a suit of which she had due and legal notice and an opportunity to be heard, Mrs. Matsis may not now be heard to question the final decree in this collateral proceeding instituted after the time for appeal has expired. Mabson v. Mabson, 104 Fla. 162, 140 So. 801; Hay v. Salisbury, et ux., 92 Fla. 446, 108 So. 617.

Certiorari is granted quashing the order reviewed, with directions that an order be entered granting the motion to dismiss the bill of complaint.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.