MILLEDGE, STANLEY, Associate Judge.
Appellant contends that the divorce decree was in error in failing to give significance to a previous judgment in New York in a proceeding in which the Florida defendant was the plaintiff, granting the plaintiff husband a separation. The New York judgment dismissed the wife’s counterclaim in which she sought a money judgment for a share of the marital assets. The New York proceedings were commenced before the Florida proceedings were and the New York judgment was entered before the final, hearing in Florida.
We do not think that the trial court was in error. The defense of estoppel by judgment is a part of the general doctrine of former adjudication and like res judicata it must be pleaded. This was not done here. Instead of seeking leave to amend his answer by interposing this defense, in which case the plaintiff would have been afforded an opportunity to test the sufficiency of the defense, the only way the New York judgment was pleaded was by a motion for summary judgment, the only purpose of which is to dispose of a case where no genuine issue of fact exists.
But even if the defense had been pleaded, the result would have been no different. While the New York defendant (Florida plaintiff) filed a counterclaim there which sought a money judgment, in any event she abandoned it as she did her defense to the plaintiff’s suit. Neither she nor her lawyer appeared at the New York trial, so the “dismissal” of her counterclaim must be viewed in this circumstance. The issues made by the pleadings were not actually litigated. The judgment was the result of what amounted to an ex parte hearing. The Florida defendant concedes *116 that the causes of action are different and he relies not upon res judicata but upon es-toppel by judgment. In order to defend successfully on that basis the defendant here had the burden of establishing that the matter sought to be litigated in Florida was “actually litigated and determined” in the New York proceeding. See Gordon v. Gordon, Fla.1952, 59 So.2d 40; Stone v. Stone, Fla.App.1959, 111 So.2d 486; Restatement of Judgments, § 45(c).
Affirmed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.