CARROLL, Judge.
Lucy C. Simons sued the executor of her deceased ex-husband, seeking to set aside his Florida divorce decree. From an adverse final decree she has appealed.
*200 The wife had obtained a decree for separate maintenance with a support allowance in 1946 in New York. The husband sued for divorce in 1952 in Dade County, Florida. The wife, then a resident of New York, was served by publication and received copies of the order for publication and the complaint. On advice of her attorney, she did not appear in the Florida divorce suit.
The husband was granted a final decree of divorce in his Florida suit on May 1, 1952. He continued to pay support money as previously ordered by the New York court until he died in 1960. His will was filed and probated in Florida. The wife sought dower in the probate court. When her application for dower met objection on the ground that she was not his widow, having been divorced, she filed this suit in the circuit court. In her complaint it was contended the Florida divorce decree obtained by the husband should be set aside for several reasons: (1) that the husband lacked the necessary Florida residence and had defrauded the court by falsely claiming residence, (2) that the New York separate maintenance decree was a bar to the divorce suit and that it was a fraud on the court for the husband to fail to disclose the earlier proceeding, (3) that the decree on its face showed want of jurisdiction, and (4) that after she received notice of the divorce suit the husband lulled her into inaction. The executor answered, and the cause was tried before the chancellor who found for the defendant and dismissed the suit with prejudice. The appellant argues the chancellor’s adverse decision on those several contentions was error. On considering the arguments in the light of the briefs and record we conclude no reversible error has been shown.
By choosing not to appear in the Florida divorce suit the nonresident wife was precluded from filing suit years later to set aside the decree for matters which could have been litigated by her in defense of the divorce suit. She had due notice and opportunity to contest the husband’s allegations as to his jurisdictional residence and his asserted ground of divorce. If she had defenses to those matters it was her duty to assert them in the divorce suit, and the chancellor was eminently correct in holding she was not entitled to maintain the present suit to set aside the decree for those reasons. Mabson v. Mabson, 104 Fla. 162, 140 So. 801; Bernstein v. Bernstein, 160 Fla. 654, 36 So.2d 190; MacFadden v. Muckerman, Fla.App.1959, 116 So.2d 448.
The prior New York separate maintenance decree was not a bar to a divorce suit by the husband, and his failure to disclose it in his complaint was not a fraud on the court. Matsis v. Matsis, 155 Fla. 786, 21 So.2d 545; Bernstein v. Bernstein, supra. Any affirmative defense the prior suit may have afforded should have been presented in the divorce suit. See Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; Bernstein v. Bernstein, supra; Gordon v. Gordon, Fla.1952, 59 So.2d 40; Stone v. Stone, Fla.App.1959, 111 So.2d 486; Taylor v. Taylor, Fla.App.1961, 130 So.2d 115.
The basis for the contention that the decree showed want of jurisdiction on its face was because it incorrectly recited the defendant had answered. But the record indicates the chancellor was under no misapprehension as to nature and status of the case before him on final hearing. This is so because the master’s report, which the court confirmed, showed the true situation in detail.
The appellant’s claim that the husband, in 1952 after she had notice of his divorce suit, lulled her into inaction, was properly denied by the chancellor, for her delay (Barnes v. Willis, 65 Fla. 363, 61 So. 828) and on the merits. That issue was tried before the chancellor in the instant case, in the course of which it was required that he judge the credibility of witnesses and resolve conflicts in the evidence, and *201 his ruling thereon is adequately supported by the record.
For the reasons stated the decree appealed from is affirmed.
Affirmed.