LOPEZ, AQUILINO, Jr., Associate Judge.
The appellee sued the appellant in the District Court of Bexar County, Texas, obtaining service upon the appellant by virtue of the statute which permits service upon non-resident corporations doing business in Texas. A judgment in Texas was entered against appellant by default. Thereafter, appellee filed the instant suit demanding judgment in Florida against the appellant under the full faith and credit clause of the Constitution of the United States.
■ The answer of the appellant alleged “Comes the defendant herein, by and through his attorney, and for Answer and Affirmative Defense, denies each and every; allegation of the complaint and asserts that the Texas Court had no jurisdiction over the defendant and for further affirmative defense, defendant says that the complaint was properly against Silitronic Chemical Corporation of Texas and that the defendant herein is not a proper party.”
This appeal is from the final judgment of the circuit court of the Eleventh Judicial Circuit of Florida holding as follows:
“ * * * it appearing to the Court that the foreign Judgment rendered in the District Court, 73rd Judicial District, in Bexar County, Texas, which is the basis of this suit is regular upon its face; that the Defendant has failed to establish any valid reason why said Judgment should not be given full faith and credit. Under the Laws of the State of Florida it is entitled to such consideration. * * * ”
The judgment on its face is valid. There were no proceedings had in Texas questioning jurisdiction or alleged fraud. The appellant was served and knew of pending suit and of judgment but according to appellant’s allegation, it did not respond to summons because of the tremendous expense of defending a suit in Texas and permitted it to go by default. Although the defendant could have attacked the judgment in the present suit by alleging fraud, the answer filed does not allege fraud. The judgment is affirmed upon authority of the rule stated in McFadden v. Muckerman, Fla.App.3rd, 116 So.2d 448, that those issues that would have been litigated in the proceedings themselves are not sufficient grounds to collaterally attack a decree which otherwise appears to be valid on its face. See Matsis v. Matsis, 155 Fla. 786, 21 So.2d 545; Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514; Masilotti v. Masilotti, 158 Fla. 663, 28 So.2d 872
Affirmed.