98 N.J. Super. 274 (1967)
237 A.2d 271
BRONYA KRAM, PLAINTIFF-RESPONDENT,
v.
PHILIP KRAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1967.
Decided December 22, 1967.
*275 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Hyman Halpern for plaintiff-respondent.
*276 Mr. Barry R. Mandelbaum for defendant-appellant (Messrs. Mandelbaum and Mandelbaum, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
In this declaratory judgment action, the trial court entered judgment that the divorce granted defendant in Florida was "null and void in the State of New Jersey" and plaintiff was "the lawful wife of the defendant * * *." Defendant appeals.
The facts are set forth in the opinion of the trial court reported in 94 N.J. Super. 539 and need not be repeated in full here. Suffice it to say that plaintiff sued defendant in New Jersey for separate maintenance; defendant counterclaimed for divorce on the ground of extreme cruelty; on April 5, 1963 judgment was entered granting plaintiff separate maintenance and denying defendant's counterclaim for divorce.
Thereafter defendant moved from New Jersey to Florida. Plaintiff remained in New Jersey.
Plaintiff does not contend that defendant did not establish a bona fide domicile in Florida, and the trial judge found "as a fact that defendant's residence in that state must be taken as a presumed bona fide one." On June 12, 1964, while so domiciled, defendant sued plaintiff for a divorce in the courts of Florida on the ground of extreme cruelty. The trial court found, and we accept, that defendant's Florida complaint was based on substantially the same allegations that were contained in his New Jersey counterclaim.
Plaintiff was served with process upon the Florida complaint by publication and mailing. The sufficiency of the service is not challenged. Thus Florida had jurisdiction of the parties and the subject matter. Plaintiff filed no appearance in Florida and did not participate in the proceedings in any way. She did obtain an order from the New Jersey court in the maintenance action forbidding defendant from proceeding with the Florida divorce, but defendant ignored the order and, on July 24, 1965, obtained the Florida decree. *277 Then, after some skirmishing in the New Jersey Chancery Division which does not affect the case at bar, plaintiff instituted the present action.
At the trial of the present action no testimony was offered by either side. Determination of the issues was based upon stipulated facts and the record. The trial court found that the factual allegations which defendant set forth in his Florida complaint for divorce were "substantially identical" to those relied upon in his counterclaim for divorce in New Jersey and that "the statutory ground of extreme cruelty of the State of Florida and the degree of proof required in that state to warrant a judgment of divorce is the same as the law and requirements of proof in this state." The court held that since the New Jersey judgment was res judicata it precluded relitigation of the issue of plaintiff's extreme cruelty in Florida; defendant "had no legal right to institute an action for divorce in * * * Florida * * *"; therefore "The judgment of divorce procured ex parte by the defendant herein in the State of Florida is not entitled to full faith and credit in this State." We disagree and reverse.
Since defendant's domicile in Florida is not challenged and plaintiff was constructively served, Florida had jurisdiction to entertain the action and to grant the divorce. Its judgment is therefore entitled to full faith and credit and may not be collaterally attacked in New Jersey. Had plaintiff appeared in the Florida proceeding and pleaded her New Jersey judgment, we assume she would have prevailed. Riehl v. Riehl, 60 So.2d 35 (Fla. Sup. Ct. 1952); Irving Trust Co. v. Kaplan, 155 Fla. 120, 20 So.2d 351 (Sup. Ct. 1944). However, she may not now use the New Jersey judgment to nullify the Florida decree. Restatement, Judgments § 42 (1942); cf. Zelek v. Brosseau, 47 N.J. Super. 521, 532 (App. Div. 1957), affirmed 26 N.J. 501 (1958); Garrison v. Garrison, 253 S.W.2d 626 (Ky. Ct. App. 1952).
*278 "The basic, controlling principle is that the forum must accord the foreign judgment the same degree of credit, status and immunity from attack which the judgment would be accorded in the state where rendered. Johnson v. Muelberger, 340 U.S. 581, 584, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488, 168 A.L.R. 656 (1947); Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141 (1927). Thus full faith and credit is not denied where the forum allows defenses to an attempt to enforce the foreign judgment which would be entertained by the courts of the rendering state in a similar proceeding." Puzio v. Puzio, 57 N.J. Super. 557, 570 (App. Div. 1959).
In Florida, as in New Jersey, res judicata must be pleaded, else it is waived. Matsis v. Matsis, 155 Fla. 786, 21 So.2d 545 (Sup. Ct. 1945). Assuming that New Jersey may allow a person to attack a foreign judgment for certain types of fraud when the foreign state would permit the divorce decree to be assailed on that ground in that state, Zelek v. Brosseau, supra; Puzio v. Puzio, supra; 55 A.L.R.2d 673 (1957), the question arises whether Florida would consider defendant's action a fraud which entitled plaintiff to relief from the divorce decree.
In Matsis v. Matsis, supra, the husband instituted a suit for divorce in Florida on the grounds of extreme cruelty and desertion. The wife, a nonresident, was constructively served but did not appear or defend against the suit. A final decree of divorce was entered and the husband remarried. Subsequently, the wife instituted a proceeding in Florida to vacate the decree on the ground of fraud. She alleged that, prior to the Florida proceeding, the husband had instituted a suit for divorce in New Hampshire on the grounds of extreme cruelty and desertion and the New Hampshire court had denied him this relief and had granted her a divorce from bed and board. The wife asserted that the prior New Hampshire decree operated as a bar to the husband's relitigating the same issues in another forum and that, by omitting any reference to the prior proceeding in his complaint for divorce in Florida, the husband had committed a fraud upon that court. The Florida court dismissed the wife's suit. The court reasoned:
*279 "The allegations of the bill of complaint show not fraud but an attempt by the wife to relitigate issues which should have been presented in the original suit and which have been foreclosed by the entry of the final decree and the lapse of the statutory time within which to take an appeal. If the decree entered in the New Hampshire court did in fact constitute a bar to any subsequent suit by the husband on the same issues, it was Mrs. Matsis' duty to assert such defense in the original suit in a timely manner, if she cared to avail herself of such defense." (21 So.2d, at p. 546)
The rule of Matsis v. Matsis, supra  that issues which could have been litigated in the proceedings themselves are not sufficient grounds to attack collaterally a decree which otherwise appears to be valid on its face  has been applied repeatedly in the courts of Florida. See, e.g., Simons v. Miami Beach First National Bank, 157 So.2d 199 (Fla. D. Ct. 1963), certiorari denied 166 So.2d 151 (Sup. Ct. 1964), affirmed 381 U.S. 81, 85 S.Ct. 1315, 14 L.Ed.2d 232 (1965); Macfadden v. Muckerman, 116 So.2d 448 (Fla. D. Ct. 1959); Masilotti v. Masilotti, 158 Fla. 663, 29 So.2d 872 (Sup. Ct. 1947). Consequently, since Florida would not allow plaintiff to attack the divorce decree collaterally, it would be a denial of full faith and credit for a court of this State to do so.
Of course, the fact that the Florida decree is valid and entitled to full faith and credit does not affect plaintiff's rights to receive support under the New Jersey judgment of separate maintenance. See Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948).
The judgment is reversed.