**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4033-19

IN THE MATTER OF THE
ESTATE OF RICHARD EHRLICH,
deceased.

Argued January 6, 2022 – Decided March 11, 2022

Before Judges Alvarez and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. 14-01137.

Jonathan Ehrlich, appellant, argued the cause pro se.

John L. Slimm argued the cause for respondent Dennis P. McInerney, Esquire (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; John L. Slimm and Jeremy J. Zacharias, on the brief).

PER CURIAM

To understand the reasons we affirm Judge Mary Jacobson's May 8, 2020 dismissal with prejudice of plaintiff Jonathan Ehrlich's complaint, and denial of his order to show cause, a brief review of the matter's procedural history is necessary. That history leads inescapably to the result.

The litigation began with the death of Richard Ehrlich, plaintiff's uncle, on September 21, 2009. Ehrlich, an attorney, left an unsigned will admitted to probate. See In re Est. of Ehrlich, 427 N.J. Super. 64, 78 (App. Div. 2012). The will favored plaintiff over his brother and sister. Plaintiff and his siblings reached a settlement after the Appellate Division's decision while an appeal was pending in the Supreme Court.

By order dated December 22, 2009, Dennis P. McInerney, Esquire, was appointed the temporary administrator of the estate. McInerney had previously been appointed temporary attorney-trustee of Ehrlich's law practice. On July 15, 2011, Judge Michael J. Hogan approved "[t]he [t]emporary [a]dministrator's [f]irst [i]ntermediate [a]ccount[,]" and allowed McInerney fees. No exceptions were filed, and plaintiff's attorney stated for the record there were no objections to the accounting.

A few months later, on December 28, 2011, plaintiff filed a motion to remove McInerney, seeking the turnover of all estate documentation and information, as well as a "complete audit and investigation." Judge Karen Suter, then sitting in the Chancery Division, denied the motion as well as the subsequent reconsideration application.

A-4033-19

A few weeks after that, plaintiff moved, pursuant to Rule 4:50-1, to vacate the first order approving the accounting. Judge Suter denied that application, and over plaintiff's opposition, directed McInerney to sell Ehrlich's residence. Approval of the accounting was affirmed in an unpublished opinion, In re Estate of Ehrlich, No. A-4714-11 (App. Div. June 11, 2013). The analysis was anchored in N.J.S.A. 3B:17-8, that a judgment allowing an account operates as res judicata—the abbreviated opinion cited the relevant statutory language.

Because of a conflict in the vicinage, the matter was transferred to Mercer County. Thereafter, Judge Jacobson presided over the case. She issued a July 25, 2014 fifty-eight-page opinion finding, among other things, that none of plaintiff's "exceptions" satisfied the requirements of Rule 4:87-8.

Judge Jacobson's decision allowed McInerney's legal fees, as plaintiff's objections were unsupported. She further found plaintiff's objections to McInerney's disposition of tangible personal property should have been raised, and were not, as an exception to the first account. Because the first account withstood review by the trial court and the Appellate Division, it was "the law of the case." Res judicata barred not only exceptions to McInerney's management of the personal property, but also challenges that could have been made at the time of the first accounting.

A-4033-19

Plaintiff had filed an "exception" to McInerney's management of the sale of Ehrlich's home—even though McInerney had earlier obtained a court order approving it. Plaintiff raised several other "exceptions" to McInerney's conduct; Judge Jacobson found they did not "constitute legitimate exceptions to the accounting" and "therefore dismissed [them] pursuant to [Rule] 4:87-8 as insufficient in law."

Plaintiff appealed that decision—but then withdrew the appeal. Either contemporaneously with that filing or otherwise, he filed a motion for reconsideration. On January 20, 2015, Judge Jacobson entered an order memorializing her denial, including directions to McInerney regarding the sale of a second parcel of real estate in Burlington.

On January 15, 2016, plaintiff filed a notice of appeal regarding the tax refund aspect of a December 1, 2015 order. He also sought to appeal the July 25, 2014 and January 20, 2015 orders. We concluded only the appeal of the December 1, 2015 order was timely, albeit filed four days out of time. In re Ehrlich, No. A-2147-15 (App. Div. May 3, 2018) (slip op. at 2). The order was affirmed. Ibid.

The opinion notes that one of plaintiff's "major complaints about McInerney" related to a condominium unit in the Bahamas. Id. at 8. He had not

4

earlier pressed the issue because he did not want to expose the additional asset until he settled with his siblings. Ibid.

We affirmed the trial judge's application of the res judicata principles found in N.J.S.A. 3B:17-8, and thus limited our decision to the distribution of the unpaid balance of the refund. Id. at 8-9. We concluded that plaintiff's "[c]omplaints regarding McInerney's performance were long before rejected with finality." Id. at 9.

While his appeal of the state court order was pending, plaintiff filed a complaint in federal court alleging McInerney breached his fiduciary duty as an administrator and violated the Rules of Professional Conduct as an attorney. On December 13, 2017, the District Court dismissed the breach of fiduciary claims, relying on N.J.S.A. 3B:17-8 and the entire controversy doctrine. Ehrlich v. McInerney, No. 1:17-cv-879, 2017 U.S. Dist. LEXIS 204876, at *21-*44 (D.N.J. Dec. 13, 2017). The claims arose from facts related to or the same as in plaintiff's state court actions.

During the federal court proceedings, McInerney was deposed. The information gleaned from discovery led plaintiff to file a motion to vacate the December 13, 2017 order, alleging new evidence had been uncovered. On September 30, 2019, the judge entered an order denying plaintiff's motion and

A-4033-19

granting summary judgment to certain defendants. The judge issued an unpublished opinion accompanying the September order. Ehrlich v. McInerney, No. 1:17-cv-879, 2019 U.S. Dist. LEXIS 168382 (D.N.J. Sept. 30, 2019).

Essentially, plaintiff had claimed that the newly discovered information established that McInerney was advised to list the Burlington property for a lower price, and that if he had done so, the property would have sold sooner for a more favorable sum. Id. at *12-*14. Plaintiff contended this created a new cause of action for breach of fiduciary duty. Id. at *13-*14. Additionally, plaintiff stated that a document produced by McInerney, dated May 2015, referenced a tax sale certificate and an offer to redeem the certificate. Id. at *13. Plaintiff alleged this too was newly discovered evidence. Id. at *14. Plaintiff further claimed he had performed a tax sale certificate search that revealed fifty-seven properties with unresolved tax lien certificates held by decedent, which McInerney failed to investigate. Id. at *14.

The District Court found the evidence was not new, as the state court had previously addressed the issues. Id. at *17. With regard to the failure to investigate decedent's tax sale certificates, the judge also noted that the state court "directly addressed [p]laintiff's exceptions to McInerney's accounting, and after the surrogate audited it without exception, it approved his final

6

accounting." Ibid. It was "the province of the state court to determine whether McInerney's accounting was incomplete" pursuant to N.J.S.A. 3B:7-8. Ibid. Any challenge to the accounting had to be in that forum. Id. at *18.

Thus, we are led to this "new" complaint. On February 5, 2020, plaintiff filed in the Chancery Division, seeking to vacate all prior orders regarding the accountings and providing for attorney's fees for McInerney. He based the complaint on the allegedly newly discovered evidence regarding the marketing of the West Broad Street property and the tax sale certificates. Plaintiff now lists over fifty tax sale certificates he claimed Ehrlich owned at the time of his death, which McInerney failed to investigate. On February 24, 2020, the trial court entered an order to show cause, and McInerney responded by motion to dismiss the complaint for failure to state a claim pursuant to Rule 4:6-2(e).

In rendering her decision, Judge Jacobson initially reviewed the lengthy litigation history. The judge specifically noted the action was "at least the third motion brought by" plaintiff to vacate probate court orders, and the fourth proceeding, if the federal court action was included in the count.

The judge said the specific allegations in the complaint were previously addressed and were thus barred by res judicata. The dispute regarding real estate, both the Burlington property that plaintiff sold in 2015 for less than the

A-4033-19

appraised value and the property in the Bahamas, had been included in prior rulings. Plaintiff had actually emailed counsel regarding the Bahamas property because he considered it advantageous in reaching the settlement with his siblings if they were unaware of the asset.

With regard to the tax sale certificates, the judge observed that the burden of showing they should have been included in the final accounting was on plaintiff and required action in 2014 prior to the approval of the final accounting. As she said, the available information was no different than it was at the present time. In fact, an earlier decision referred to emails from plaintiff to his then-counsel suggesting that he could not produce the certificates without access to McInerney's records, and that McInerney "would lose them if he knows that I'm looking for them."

In any event, these new claims, which were related to the tax sale certificates and the Burlington property should have been made under <u>Rule</u> 4:50-1(b) and brought within one year of the judgment. They were not, and were therefore time-barred.

Even if the court analyzed the contentions under <u>Rule</u> 4:50-1(f), that provision requires extraordinary circumstances—"and that the enforcement of the earlier judgments would be oppressive or inequitable . . . ." Neither

condition was met here. Even under subsection (f), plaintiff's continuation of the litigation regarding the sale of the Burlington property and McInerney's purported failure to locate tax sale certificates should have been raised within a reasonable amount of time. The complaint was not filed within a reasonable amount of time post-accountings. The final accounting was approved in 2014, and reconsideration denied in 2015, and therefore "both on the merits and on the timeliness, the [c]ourt finds that plaintiff is not entitled to . . . vacate the accountings and the fees under Rule 4:50-1 and 4:50-2." The claims were barred by N.J.S.A. 3B:17-8, and plaintiff failed to establish grounds for the orders to be vacated under Rule 4:50-1 and -2.

Now on appeal, plaintiff raises the following points:

POINT I

THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE COMPLAINT UNDER ANY PRECLUSIVE DOCTRINE, AS NONE OF THE CLAIMS ASSERTED HAD ACCRUED UNTIL 2018.

POINT II

THE COURT BELOW ERRED AS A MATTER OF FACT IN FINDING THE ISSUE OF THE BURLINGTON PROPERTY HAD ALREADY BEEN RULED ON.

POINT III

THE COURT BELOW ERRED IN RULING IT WAS PLAINTIFF'S DUTY, AND NOT DEFENDANT'S, TO FULLY INVESTIGATE THE TAX SALE CERTIFICATES AND OTHER ASSETS.

POINT IV

THE COURT BELOW ERRED IN CONCLUDING THE TAX LIENS MAY HAVE BEEN SATISFIED OR NULLIFIED.

POINT V

THE COURT ERRED IN NOT CONSIDERING MCINERNEY'S MISCONDUCT AND ITS IMPACT ON LITIGATION.

POINT VI

THE COURT BELOW ABUSED ITS DISCRETION IN RULING WITHOUT A PLENARY HEARING AND BY ENGAGING IN FACT FINDING ADVERSE TO [PLAINTIFF].

POINT VII

THE COURT BELOW ERRED IN FAILING TO RULE ON ALL CLAIMS PLED AGAINST . . . MCINERNEY WHICH WERE CLEARLY NOT BARRED BY RES JUDICATA, COLLATERAL ESTOPPEL OR THE ENTIRE CONTROVERSY DOCTRINE.

POINT VIII

THE COURT BELOW ERRED AS A MATTER OF LAW IN RULING PLAINTIFF WAIVED HIS RIGHTS TO FILE EXCEPTIONS.

POINT IX

THE COURT ABUSED ITS DISCRETION IN TAKING A FAR TOO RESTRICTIVE READING OF [RULE] 4:50-1(F).

I.

We first address plaintiff's challenge to the court's resolution of his Rule 4:50-1 motion to vacate the accounting orders. Rule 4:50-1 authorizes a court to relieve a party from a final judgment or order when the movant establishes "(b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; . . . or (f) any other reason justifying relief from the operation of the judgment or order." Rule 4:50-2 requires motions under subsection (f) be made "within a reasonable time," or if a motion is brought under subsection (b), it must be made "not more than one year after the judgment, order or proceeding was entered or taken."

"Although courts are empowered to confer absolution from judgments, '[r]elief [under Rule 4:50] is granted sparingly.'" DEG, LLC v. Twp. of

11

<u>Fairfield</u>, 198 N.J. 242, 261 (2009) (first alteration in original) (quoting <u>F.B. v. A.L.G.</u>, 176 N.J. 201, 207 (2003)). "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012). An abuse of discretion occurs when the trial court's decision is "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>Ibid.</u> (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)).

Even if these claims had been brought timely, within one year of the judgment, they would nonetheless "fail because [plaintiff] had the obligation to do due diligence[,]" and did not fulfill that responsibility. Plaintiff could have made precisely the same search prior to the final accounting. The court's January 2015 decision referenced plaintiff's suspicion with regard to the existence of tax sale certificates. Obviously, plaintiff could have taken the same steps then as he did now. The burden of proof rested upon him, and he simply failed to meet it. Plaintiff has known about possible tax sale certificates since before his uncle's death as he discussed them with him, McInerney early on said he found no record of certificates, and it was plaintiff's burden to establish McInerney erred.

A-4033-19

With regard to the property listing, and the alleged newly discovered evidence with regard to valuation, plaintiff's claim was "totally speculative as to what would have happened if" the price had been lowered. It was plaintiff's duty to establish that the purported newly discovered evidence would probably have changed the outcome, was unobtainable by the exercise of due diligence, and was not merely cumulative. DEG, 198 N.J. at 264. The new evidence must meet all three of these requirements and "does not include an attempt to remedy a belated realization of the inaccuracy of an adversary's proofs." Ibid. In this instance, plaintiff could have—but did not—engage in the same due diligence years prior.

With regard to plaintiff's claims related to subsection (f), the rule "permits relief from orders or judgments for reasons not provided in the rule's other subsections . . . ." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 98 (App. Div. 2014). Due to the importance that is attached "to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). Application of the rule is "limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289). Accordingly, relief under this

13

subsection should be granted "sparingly, in exceptional situations." Nowosleska v. Steele, 400 N.J. Super. 297, 304 (App. Div. 2008) (quoting Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 237 (1998)). "Further, the policy in favor of the finality of judgments plays a larger role in applications brought under subsection (f) than the other subsections." Ibid. The importance of finality "must be 'weighed in the balance with the equally salutary principle that justice should be done in every case.'" Ibid. (quoting Hodgson v. Applegate, 31 N.J. 29, 43 (1959)).

In arguing that the trial court was too restrictive in its application of subsection (f), plaintiff asserts that McInerney's conduct in withholding and suppressing the discovery of the tax sale liens is the "type of misconduct" that the rule is "designed to remedy." The record does not support the claim. Plaintiff has not established the extraordinary circumstances called for by the rule or shown enforcement would be oppressive or inequitable. Plaintiff did not object to the intermediate accounting, and when he objected to the final accounting, those objections were non-conforming, did not comply with rule and statutory requirements, and lacked specificity. Even then, he was the only individual who had personal knowledge of decedent's investments. The court

did not abuse its discretion by concluding that allowing plaintiff relief under subsection (f) was inappropriate.

II.

Next, the probate statute, N.J.S.A. 3B:17-8, states that a judgment allowing accounting shall be considered res judicata as to all exceptions that might have been taken.  The final judgment was entered here on July 25, 2014.  The probate statute makes it res judicata.  Plaintiff argues that an exception to the statute arises because of previously unknown information—namely, the alleged newly discovered evidence as to the disputed value of the Burlington property and the existence of tax sale certificates.

Res judicata "contemplates that when a controversy between parties is once fairly litigated and determined[,] it is no longer open to relitigation." Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)).  "Th[is] rule precludes parties from relitigating substantially the same cause of action." Ibid.  (quoting Kram v. Kram, 94 N.J. Super. 539, 551 (Ch. Div.), rev'd on other grounds, 98 N.J. Super. 274 (App. Div. 1967), aff'd, 52 N.J. 545 (1968)).  Application of this doctrine "requires substantially similar or identical causes of action and issues, parties, and relief sought." Ibid.

"[F]or res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002). "For the purposes of res judicata, causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 413 (1991). If "a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action." Ibid.

"The application of res judicata is a question of law" and is reviewed de novo. Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012) (quoting Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000)).

Plaintiff's claims are barred by res judicata as they arise from the same set of facts, between the same parties, and out of the same transaction or occurrence—the accounting and handling of the estate—that have previously repeatedly been decided in state court and in federal court. The answer to this question of law is clear.

Whatever information existed regarding the sale of the Burlington property existed in 2014 when the final accounting was approved. Had plaintiff

16

looked, it would have been found. The same is true—perhaps more so—for the tax sale certificates. The statute's res judicata effect is dispositive.

### III.

With regard to the motion to dismiss, plaintiff asserts it should not have been granted without discovery, testimony, or a plenary hearing. Plaintiff further contends that the judge should have viewed the facts set forth in his certification as true in reaching her decision.

"The standard a trial court must apply when considering a Rule 4:6-2(e) motion to dismiss a complaint for failure to state a claim upon which relief can be granted is 'whether a cause of action is "suggested" by the facts.'" Teamsters Loc. 97 v. State, 434 N.J. Super. 393, 412 (App. Div. 2014) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). A trial court considers the "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)). In making that decision, the court must "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement

of claim, opportunity being given to amend if necessary.'" Id. at 165 (quoting Printing Mart, 116 N.J. at 746).

The facts in the pleading "must be taken to be true for the purposes of the motion, and the court's 'inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint.'" Darakjian v. Hanna, 366 N.J. Super. 238, 248 (App. Div. 2004) (quoting Printing Mart, 116 N.J. at 746). The trial court "is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint[,]" and "plaintiffs are entitled to every reasonable inference of fact." Printing Mart, 116 N.J. at 746.

The trial court should grant a motion to dismiss for failure to state a claim "in only the rarest of instances." Id. at 772. It should examine the complaint's allegations of fact "with a generous and hospitable approach." Id. at 746. We apply the same standard and our review is de novo. Teamsters Loc. 97, 434 N.J. Super. at 413.

A motion to dismiss may be granted when a litigant has not raised legally sufficient claims. That is precisely what occurred here. There was no newly discovered evidence. Relief was barred by legal preclusion doctrines. No viable cause of action could be gleaned from the proceedings, and the dismissal was proper.

A-4033-19

## IV.

Finally, although not entirely clear, plaintiff seems to be claiming that he cannot be found to have waived exceptions to the final accounting because it was his attorney's actions that prevented him from doing so. The trial court did not rule on this argument because it was not raised there.

Simply stated, plaintiff does not now, if he ever did, have the legal right to distinguish between exceptions he raised through counsel and exceptions he now claims he would have raised based on alleged newly discovered evidence. Plaintiff employed counsel, counsel raised exceptions on behalf of his client, and that ends the matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION