**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1200-24

BOHDAN SENYSZYN,

    Plaintiff-Appellant,

v.

DAVID HOOK, JR., RUTH K.
HOOK, and AANDREI J.
INVESTORS LLC,

    Defendants-Respondents,

and

LAWRENCE MCALLISTER and
COLONEL DEVELOPERS LLC,

    Defendants.

_____

Submitted January 8, 2026 – Decided February 11, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0112-24.

Bohdan Senyszyn, self-represented appellant.

David L. Hook, Jr. and Ruth K. Hook, self-represented respondents.

PER CURIAM

Plaintiff Bohdan Senyszyn appeals from the trial court's November 8, 2024 order dismissing his complaint with prejudice as to defendants David Hook, Jr.[1] (Junior), Ruth K. Hook (Ruth), and Aandrei J. Investors, LLC (Aandrei). We affirm in part and reverse and remand in part for the reasons expressed in this opinion.

I.

We derive the following facts and procedural history from the record, including the trial court's opinion accompanying the order dismissing plaintiff's complaint. The court noted the basis for plaintiff's amended complaint was the alleged "fraudulent transfer" of certain real estate property, known as the "Farmland Parcel" and the "Brecia Farms Subdivision." Plaintiff also asserted a defamation claim against Ruth and Junior.

Ruth and Junior are a mother and son who operate construction activities through a "land-owning entity, . . . Aandrei." David Hook, Sr. (Senior) is the

---

[1] Since the parties share the same last name, we refer to Ruth by her first name. Because David Hook, Jr. and David Hook, Sr. also share the same first name, we refer to them as Junior and Senior to avoid confusion. We intend no disrespect in doing so.

A-1200-24

principal member of Aandrei but not a defendant in this matter. Plaintiff's amended complaint alleges Senior, "at the behest of [Ruth]," accused plaintiff of embezzlement and initiated a lawsuit in 2004 (2004 Litigation). Plaintiff further contends, as part of a settlement in 2006 regarding the 2004 Litigation, the parties executed an agreement (2006 Settlement Agreement) creating the Farmland Parcel and the Brecia Farms Subdivision.

The trial court noted, "[t]he purpose of the [2006 Settlement] Agreement was to transfer title of the [Brecia Farms] Subdivision to . . . Senior," to allow him to develop the property and retain all profits, "free and clear of all [plaintiff's] claims, liens[,] and encumbrances." Plaintiff agreed Senior would have the "exclusive right to develop the [Brecia Farms] Subdivision and transfer title thereto without [plaintiff's] consent or involvement," and also that plaintiff would "not oppose or in any way hinder" Senior's efforts to develop the Brecia Farms Subdivision. The parties further agreed to maintain the status quo of the Farmland Parcel pending the conclusion of the litigation.

In September 2010, the parties entered into a consent order (2010 Consent Order), signed by all parties and the court, wherein the 2004 Litigation was dismissed, and the parties agreed to resolve all remaining issues through

A-1200-24

binding, non-appealable arbitration. However, for reasons that are unclear in the record, arbitration did not take place for several years.

In October 2017, Senior moved to compel arbitration pursuant to the 2010 Consent Order and enforce compliance with the 2006 Settlement Agreement. The court granted the motion in November 2017 and determined "the terms and conditions of the . . . 2006 Settlement Agreement and 2010 Consent Order remain valid, binding[,] and enforceable upon the parties." It further ordered the parties to proceed with arbitration, ordered plaintiff to cease all interference with Senior's development of the Brecia Farms Subdivision, and granted attorney's fees against plaintiff. In January 2018, the court appointed an arbitrator.

The arbitration was conducted in December 2019 and January 2020. The arbitrator issued decisions in June and August 2020, ordering the Farmland Parcel to be conveyed to Senior, free and clear of any interest of plaintiff.[2] Senior subsequently moved to confirm the arbitration award and enter final judgment. On November 5, 2021, the trial court granted the motion and ordered

---

[2] The arbitrator noted plaintiff was convicted in federal court for matters involved in the "ongoing saga" between the parties. Moreover, with respect to Senior's embezzlement allegation against plaintiff, the arbitrator determined plaintiff "clearly scammed" Senior.

4

the Farmland Parcel to be transferred to Senior as the sole owner, free and clear of all rights, encumbrances, and liens. It further ordered plaintiff to cease all interference with the development and sale of the Brecia Farms Subdivision. Plaintiff alleges Ruth and Junior were later involved in the fraudulent transfer of the tracts of land, causing damage to him.

In August 2024, plaintiff filed an amended complaint concerning "the same real estate properties that were previously the subject of the 2004 Litigation, 2006 Settlement Agreement, 2010 Consent Order, [2020] [a]rbitration [decisions]," and the November 2021 court order confirming the arbitration award. Plaintiff also filed a lis pendens "attached to the titles of multiple properties."

Defendants moved to dismiss the complaint and requested the court to remove the lis pendens from the subject properties. They argued plaintiff was attempting to relitigate claims that had already been decided on the merits, and therefore, the complaint should be dismissed based on the doctrines of res judicata and judicial estoppel. Defendants also asserted plaintiff's complaint failed to "establish any fundamental claim or give any specificity as to plaintiff's rights to the subject property." They contended the arbitrator's award extinguished any interest plaintiff had previously asserted in the subject

5

property. Moreover, defendants claimed the parties in this current action were identical to, or in privity with, those in the prior action, and this case arises out of the same transaction or occurrence as the earlier claim plaintiff brought.

Plaintiff argued Ruth "fraudulently used the arbitrator's order to advance the claim that the Farmland Parcel and [the] Brecia Farms Subdivision w[ere] part of the arbitration award, which directly conflicts with the 2006 Settlement Agreement." He further maintained he contributed a large sum of money to the purchase of those properties, and Ruth fraudulently transferred the parcels. Plaintiff asserted Junior was unaware of the filings and was coerced into signing the documents Ruth prepared.

On November 8, 2024, the trial court granted defendants' motion to dismiss "because . . . plaintiff fail[ed] to maintain a valid cause of action based on the facts and evidence presented to the court.[3] More importantly, the underlying matter in the complaint ha[d] already been litigated and a final judgment on the merits ha[d] been rendered." Accordingly, it determined "plaintiff's complaint [wa]s barred by the doctrine of res judicata." Thus, the court dismissed counts one through seven of plaintiff's complaint.

---

[3] As discussed below, prior to granting defendants' motion to dismiss, the court had granted plaintiff's motion to deem admitted the requests for admission he served on Ruth and Junior.

A-1200-24

The court further determined plaintiff's defamation allegation set forth in count eight was likewise without merit. It noted plaintiff alleged Ruth and Junior made defamatory statements claiming he embezzled funds. The court found, "[t]hroughout the 113 paragraphs of the [a]mended [c]omplaint, plaintiff fail[ed] to allege facts regarding publication of the defamatory words or the date of such publication." It also stated, "the statute of limitations for defamation [wa]s . . . one year from the date of publication." The court further observed the arbitrator, in his binding and non-appealable decision, noted: "The controversy . . . over whether there [wa]s an embezzlement as claimed by [Senior] . . . drew [his] conclusion that [plaintiff] clearly scammed [Senior]."[4] Accordingly, it granted defendants' motion to dismiss the defamation claim.

## II.

Plaintiff argues defendants' motion to dismiss was filed out of time, and the trial court should have entered a dismissal without prejudice. He asserts defendants' motion was "required to be filed as a summary judgment motion" and avers the court was barred from addressing the merits of their motion to

---

[4] In another civil action involving plaintiff and Senior, we noted plaintiff had been "charged with federal crimes of tax fraud and related offenses stemming from his embezzlement of [Senior's] funds" in 2005, and that his guilty plea in 2007 resulted in a thirty-four-month prison term. Hook v. Senyszyn, No. A-1359-19 (App. Div. Feb. 3, 2021) (slip op. at 3).

7

dismiss.  Plaintiff further contends the trial court erred in holding res judicata applied to counts one through seven of his amended complaint.  He also maintains the court erred in dismissing his defamation claim.

Our review of a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is de novo.  Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021).  We "must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'"  Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).  The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts."  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

"Dismissals under Rule 4:6-2(e) are ordinarily without prejudice."  Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022).  "[A] dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987), or if

8

'discovery will not give rise to such a claim,' <u>Dimitrakopoulos</u>, 237 N.J. at 107."

<u>Ibid.</u> (citation reformatted).

A.

Plaintiff argues the motion to dismiss should have been procedurally barred because defendants "did not timely file [their] motion to dismiss . . . within the [thirty-five]-day limitation period."  We are unpersuaded.

Motions to dismiss under <u>Rule</u> 4:6-2(e) "shall be heard and determined before trial on application of any party, unless the court for good cause orders that the hearing and determination thereof be deferred until the trial."  <u>R.</u> 4:6-3. There is no rule preventing a court from considering a motion to dismiss under <u>Rule</u> 4:6-2(e) filed more than thirty-five days after a complaint is filed. Additionally, our court rules may be relaxed "to secure a just determination, simplicity in procedure, fairness in administration[,] and the elimination of unjustifiable expense and delay."  <u>R.</u> 1:1-2(a).  There is no suggestion plaintiff was prejudiced by defendants' purported delay in filing the motion, and his argument the motion was procedurally barred as untimely elevates form over substance.  Therefore, we discern no error in the trial court's decision to consider defendants' motion to dismiss on its merits.

9

B.

Plaintiff asserts because matters outside the pleadings were used by the court, defendants' motion should have been filed as a summary judgment motion pursuant to Rule 4:6-2. He claims defense counsel relied on an unrelated arbitration involving non-parties.

Rule 4:6-2 provides, in pertinent part:

> If, on a motion to dismiss based on defense (e), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R[ule] 4:46, and all parties shall be given reasonable notice of the court's intention to treat the motion as one for summary judgment and a reasonable opportunity to present all material pertinent to such a motion.

We are unpersuaded by plaintiff's contention the trial court should have converted defendants' motion to dismiss into a summary judgment motion. While courts are generally constrained to "the pleadings themselves," Dimitrakopoulos, 237 N.J. at 107 (quoting Roa v. Roa, 200 N.J. 555, 562 (2010)), a court "may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment,'" Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003)). Documents a court may consider include the "allegations in

10

the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Jersey City United Against the New Ward Map v. Jersey City Ward Comm'n, 478 N.J. Super. 132, 145 (App. Div. 2024) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

The trial court here discussed only documents that were either referenced in plaintiff's complaint or matters of public record, such as the prior arbitration decisions and the trial court's November 5, 2021 order confirming those decisions. Although defendants may have referred to other documents in their moving papers, such documents were not relied upon by the court. Accordingly, the court did not err in relying on the documents it cited in its opinion.

C.

Plaintiff next argues the trial court erred in holding res judicata barred the causes of action set forth in counts one through seven of his amended complaint. He contends the prior judgment defendants referenced at oral argument "related to a matter not involving . . . defendants in this case." Plaintiff avers a reading of the amended complaint in this matter reveals it does not involve identical parties or raise identical issues addressed in the prior arbitration. Specifically, he asserts Ruth, Junior, and Aandrei were not named in the prior litigation or involved in any prior arbitration.

Plaintiff also alleges he is not seeking "sole ownership of the Farmland Parcel." Rather, "[t]he remedy sought in the [a]mended [c]omplaint is to revert the properties back to [Senior] to allow for the assets to be made part of the 2007 pending arbitration[,] and [p]laintiff does not seek ownership of any properties in this action." Plaintiff argues Senior is not a named party in this action, and Ruth, Junior, and Aandrei were not in privity with the parties in the prior action.

"The doctrine of res judicata 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). The doctrine "precludes parties from relitigating substantially the same cause of action." Ibid. (quoting Kram v. Kram, 94 N.J. Super. 539, 551 (Ch. Div.), rev'd on other grounds, 98 N.J. Super. 274 (App. Div. 1967), aff'd, 52 N.J. 545 (1968)). For res judicata to apply, three elements need be fulfilled:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991).]

A-1200-24

The "application of res judicata is a question of law." Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012) (quoting Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000)). "Questions of law are reviewed de novo." Ibid.

We conclude the facts and procedural history presented here preclude plaintiff from contesting the validity of the transfer of Senior's property based on the doctrine of res judicata. Plaintiff has not provided a sound basis to revisit the binding, non-appealable arbitration award, which the trial court confirmed on November 5, 2021. Instead, plaintiff is attempting to relitigate claims that have been conclusively resolved regarding the subject properties. We thus affirm substantially for the reasons set forth by the trial court and add the following comments.

There is no dispute the trial court's November 5, 2021 order confirming the arbitration award was a final adjudication on the merits. We also determine defendants were in privity with Senior. See Rutgers Cas. Ins. Co. v. Dickerson, 215 N.J. Super. 116, 122 (App. Div. 1987) ("[P]rivity . . . requires some legal connection between the parties such as succession to the same rights to property."). We are further unconvinced by plaintiff's contention he merely "seeks reversion of the Farm[land] Parcel back to [Senior]," and therefore, the

claims asserted in the amended complaint do not grow out of the same transaction or occurrence as the earlier claim addressed by the arbitrator. Plaintiff's claims, in fact, seek to revisit the trial court's November 5, 2021 order disposing of the same property at issue in this case, regardless of whether he is seeking full ownership.

D.

Relatedly, plaintiff argues the court erred in dismissing his complaint with prejudice because the trial court never determined the complaint had "insurmountable flaws" warranting such a dismissal. This argument lacks merit.

Plaintiff fails to provide any argument as to why a dismissal with prejudice was not warranted under the circumstances here. Given we affirmed the court's order dismissing these counts based on res judicata, we likewise conclude the court did not err in dismissing them with prejudice, because no amount of discovery would change the fact that these issues were conclusively decided in the prior arbitration ruling, which the trial court confirmed. See Mac Prop. Grp. LLC, 473 N.J. Super. at 17.

E.

Finally, plaintiff maintains he was denied a full and fair hearing as to his defamation claim, and the court's order should be vacated because both Ruth and

Junior admitted to defaming him. He contends the court erred by ignoring established facts set forth in his requests for admission.

"Defamation imposes liability for publication of false statements that injure the reputation of another." Printing Mart-Morristown, 116 N.J. at 765. "The elements of a defamation claim in New Jersey are (1) 'the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.'" Hyman v. Rosenbaum Yeshiva of N. Jersey, 258 N.J. 208, 236-37 (2024) (Patterson, J., concurring) (quoting Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585 (2009)). Our Supreme Court has recognized "[c]ertain kinds of statements denote such defamatory meaning that they are considered defamatory as a matter of law." Romaine v. Kallinger, 109 N.J. 282, 291 (1988). "A prime example is the false attribution of criminality." Ibid.

In his amended complaint, plaintiff asserts Ruth and Junior defamed him by making statements to third parties that he embezzled funds from Senior. He argues the court should have dismissed his complaint without prejudice, providing him the opportunity to file an amended complaint.

Although the timeframe for the alleged defamatory statements made by Ruth and Junior is unclear, that issue could be remedied in an amended pleading.

Moreover, while we recognize Ruth and Junior may ultimately have a truth defense[5] to the defamation claim given defendant's prior federal conviction, which we previously noted stemmed from his embezzlement of Senior's funds, see Hook, slip op. at 3, the record before us is not clear regarding the exact charges to which plaintiff entered a guilty plea.

Furthermore, plaintiff alleges in his complaint Ruth entered into a consent order in 2004, whereby she agreed not to defame him. Additionally, prior to dismissing plaintiff's complaint, the trial court issued an order deeming

---

[5] In Noah Bank v. Lee, we recently noted:

> [T]rue statements are "not actionable as defamation." Hart v. City of Jersey City, 308 N.J. Super. 487, 492 (App. Div. 1998). A defamation claim may succeed only where the defamatory statement is also false, because the truth is "absolutely protected under the First Amendment" from defamation liability. G.D. v. Kenny, 205 N.J. 275, 293 (2011) (quoting Ward v. Zelikovsky, 136 N.J. 516, 530 (1994)) . . . . Truth is a defense even when a statement contains "minor inaccuracies," so long as it contains the "substantial truth." Id. at 294 (quoting Masson v. New Yorker Mag., Inc., 501 U.S. 496, 516 (1991)). Hence, an action will not lie "so long as 'the substance, the gist, the sting, of the libelous charge be justified.'" Masson, 501 U.S. at 517 (quoting Heuer v. Kee, 59 P.2d 1063, 1064 (Cal. Dist. Ct. App. 1936)).
>
> [481 N.J. Super. 412, 431-32 (App. Div. 2025) (citation reformatted).]

plaintiff's requests for admission served upon Junior and Ruth to be admitted. These requests for admission, if not vacated by the court prior to rendering its decision, suggest Ruth and Junior admitted they made defamatory statements about plaintiff. However, the court did not address the impact of these requests for admission in its opinion regarding the defamation claim. Furthermore, plaintiff contends in his complaint Senior testified under oath "in the United States Tax Court . . . that [p]laintiff did not embezzle his funds in calendar year 2003 and that any funds alleged to have been taken in 2002 were returned." However, those transcripts are not in the record. These matters need to be considered by the court in addressing any further motion to dismiss the defamation claim.

In conclusion, we affirm the trial court's order dismissing counts one through seven of plaintiff's complaint. The portion of the order dismissing plaintiff's defamation claim is reversed, and the matter is remanded for plaintiff to be given an opportunity to file an amended complaint. To the extent any arguments plaintiff raised have not been explicitly addressed in this opinion, it is because we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1200-24

Affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

18                                          A-1200-24